# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

MICHAEL PUNG, as the personal
representative of the ESTATE OF
TIMOTHY SCOTT PUNG,
    Plaintiff,

v.

PETER M. KOPKE, in his
personal capacity,
PATRICIA DEPRIEST, in her
personal capacity;
STEVEN W. PICKENS, in his
personal capacity, and
COUNTY OF ISABELLA COUNTY
    Defendants

_____/

Case No.: 18-cv-1334
Honorable Robert J. Jonker

**FIRST AMENDED COMPLAINT
JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Pung/Estate
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

WILLIAM SELESKY (P77750)
Department of Attorney General
Asst Attorney General - Labor Div
Counsel for Peter Kopke
P.O. Box 30217
Lansing, MI 48909
(517) 373-2560
SeleskyW1@michigan.gov

CUMMINGS, MCCLOREY, DAVIS &
ACHO, PLC
ALLAN C. VANDER LAAN (P33893)
BRADLEY C. YANALUNAS (P80528)
Counsel for Steven Pickens
2851 Charlevoix Dr, S.E., Ste 327
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

CHARLES A. LAWLER (P65164)
CLARK HILL PLC
Counsel for Patricia DePriest
212 E. Cesar E. Chavez Ave.
Lansing, Michigan 48906
(517) 318-3100
clawler@clarkhill.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## <u>FIRST AMENDED COMPLAINT</u>

NOW COMES Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, by and through counsel, and complains as follows:

### PARTIES

1.     Plaintiff MICHAEL PUNG is a resident of the State of Michigan and brings this action in the capacity as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG.

2.     Defendant PETER M. KOPKE is a state official who has been sued in his personal capacity.

3.     Defendant PATRICIA DEPRIEST is an official with the Township of Union and is sued in her personal capacity.

4.     Defendant STEVEN W. PICKENS is treasurer of the County of Isabella and is sued in his personal capacity.

5.     Defendant COUNTY OF ISABELLA is a legal entity formed and/or existing under the laws of the State of Michigan and is controlled or operated by its duly-designated BOARD OF COMMISSIONERS.

### JURISDICTION

6.     This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this case involves federal questions and federal civil rights under the United States Constitution and 42 U.S.C. § 1983.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 as it is believed, on information and belief, that Defendant PETER M. KOPKE resides and does business in Ingham County.

### GENERAL ALLEGATIONS

8.     In October 2004, Timothy Scott Pung died and left a wife, Donnamarie, and two children, Katie and Marc Pung, at the time of his death.

9.     He also left behind improved real property and a home located at 3176 St. Andrews Drive, Union Township, Isabella County, Parcel No. 37-14-120-00-004-00 (hereinafter the "Pung Property").

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

10.     Timothy Scott Pung purchased the Pung Property by warranty deed in 1991 and was granted a Principal Residence Exemption ("PRE") in 1994.

11.     Following Timothy's death, Donnamarie Pung lived in the house continuously until her death in 2008.

12.     At that point, Marc Pung, Timothy's son, began continuously occupying the Pung Property and continues to do so to this day.

13.     In 2010, Defendant PATRICIA DEPRIEST, using her role as assessor at Charter Township of Union, denied the application of the Michigan Principal Residence Exemption, commonly known as the PRE or "homestead credit," on her interpretation and application of the *General Property Tax Act*, MCL 211.78 et seq, for the years of 2007, 2008, and 2009 which resulted in a small increased property tax burden.

14.     Plaintiff MICHAEL PUNG, as personal representative[1], challenged that conclusion before the Michigan Tax Tribunal which rendered a favorable decision on behalf of the Estate.

15.     ALJ Lasher, as the hearing officer for the Michigan Tax Tribunal, found that MCL 211.7dd applied and resulted in entitlement to the PRE for the surviving beneficiaries of the Estate.

16.     Specifically, ALJ Lasher concluded that the Estate has proven, by a preponderance of the evidence, that the subject property is qualified to receive an exemption under MCL 211.7cc for the tax years at issue.

17.     ALJ Lasher also concluded—

MCL 211.7cc (2) provides that an owner of property may claim an exemption from school operating taxes so long as the property is owned and occupied as a principal residence by that owner of the property on or before May 1 of the Tax year at issue. MCL 211.7dd(a)(iii) defines the term "owner" to include "a person who owns property as a result of being a beneficiary of a will or trust or as a result of intestate succession." MCL 211.7dd(c) provides that a "principal residence" means the "one place where

---

[1] *Marc* Pung is decedent Timothy Pung's son. *Michael* Pung is the personal representative (i.e. executor) of the Estate of Timothy Scott Pung. There has been some confusion about Marc Pung versus Michael Pung.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return…" In this regard, the Tribunal finds that even though title to the subject property has not passed to Donnamarie Pung and Marc Pung, as intestate successors to Timothy Pung both individuals are "owners" of the subject property as that term is defined in applicable statute. Further, the evidence presented by [respondent] clearly establishes that Donnamarie Pung resided at the subject property before the death of her husband, Timothy Pung, and continued to reside at the subject property until Fall 2008. The evidence also establishes that Marc Pung began residing at the subject property when his mother vacated the property, and continues to reside at the subject property.

18.    ALJ Lasher also concluded has the Estate had sufficiently proven through testimony and exhibits that the subject property was owned and occupied as a principal residence by two of the beneficiaries of the Trust entitling the Pung Property to the PRE credit.

19.    ALJ Lasher's decision was rendered March 7, 2012.

20.    Following that decision, Defendant PATRICIA DEPRIEST still refused to apply the PRE to the Pung Property consistent with the decision of ALJ Lasher, which resulted in a small, unpaid amount of property taxes equal to an amount consisting of the PRE credit.

21.    Defendant STEVEN PICKENS, as the county treasurer of Isabella County, begin foreclosure proceedings under Michigan's *General Property Tax Act* to seize and sell for the unpaid amount of property taxes when the tax liability was, in fact, zero dollars.

22.    Defendant STEVEN PICKENS, as the county treasurer of Isabella County, begin foreclosure proceedings when *knowing* that the tax liability of the ESTATE OF TIMOTHY SCOTT PUNG was, in fact, zero dollars due to ALJ Lasher's decision.

23.    Plaintiff MICHAEL PUNG, as personal representative, again challenged that action at the foreclosure hearing held in the Isabella County Trial Court and received a favorable ruling.

24.     Defendant STEVEN PICKENS, as the county treasurer of Isabella County, appealed that decision to the Michigan Court of Appeals and lost.

25.     The Michigan Court of Appeals concluded that the Tax Tribunal had already conclusively the Estate was entitled to the principal residence exemption and that under the doctrine of res judicata, Tax Tribunal's conclusion is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.

26.     In later 2012, Defendant PATRICIA DEPRIEST finally applied the PRE to the Pung Property in the tax statement (hereinafter the "Original Tax Statement"), see **Exhibit A, p. 48, lines 23-25, p. 49, lines 1-3.**

27.     After issuing the Original Tax Statement applying the PRE, Defendant PATRICIA DEPRIEST *sua sponte* removed the applied PRE without notice to Plaintiff MICHAEL PUNG, as the personal representative, and by creating but not issuing a changed tax statement regarding the Pung Property for 2012 (hereinafter the "Changed Tax Statement").

28.     The late and untimely denial of the PRE via the Changed Tax Statement was also invalid because such requires written notice to the property owner and the Department of Treasury, which was not done by Defendant PATRICIA DEPRIEST, see MCL 211.7cc(6).

29.     Defendant PATRICIA DEPRIEST did all this under and by an agreement and/or arrangement with Defendant PETER M. KOPKE.

30.     Under Michigan law, any attempt to deny the PRE requires it be done by Defendant PATRICIA DEPRIEST by December 31 of the taxing year, MCL 211.2(c)(2).

31.     By an agreement between Defendant PATRICIA DEPRIEST and Defendant PETER M. KOPKE, together with and for the political benefit of Defendant STEVEN PICKENS due his embarrassment and humiliation in losing the prior legal challenges, Defendant PATRICIA DEPRIEST removed the PRE credit from the Pung Property tax calculation vis-à-vis a created (but not proper issuance of the) Changed Tax Statement and unlawfully tried to deny the PRE for the 2012 in February 2013 in a manner expressly contrary to MCL 211.2(c)(2), see **Exhibit A, p. 49, lines 3-10**.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

32.    In February 2013, Plaintiff MICHAEL PUNG paid the amount listed in the only tax statement given to him, the Original Tax Statement.

33.    This unknowingly resulted in a small remaining unpaid tax balance (hereinafter the "Improper Remaining Balance") unknown to Plaintiff MICHAEL PUNG as the personal representative.

34.    That unpaid tax balance should have never existed due to the decision of ALJ Lasher and confirmed by the Michigan Court of Appeals, see **Exhibit B**.

35.    In 2015, Defendant STEVEN PICKENS, knowing the Improper Remaining Balance was not owed due to ALJ Lasher's decision, commenced tax foreclosure proceedings against the Pung Property for not paying the Improper Remaining Balance, plus the interest and penalties generated (without notice).

36.    Plaintiff MICHAEL PUNG did not receive any notice that the Pung Property was being foreclosed upon for Improper Remaining Balance.

37.    Via a letter dated April 2, 2015 and despite knowing the Timothy Scott Pung was long deceased, Defendant STEVEN PICKENS wrote a letter to "Timothy Scott Pung" at an address not associated with him, 5475 Blue Heron, Alma, Michigan.

38.    The letter informed "Timothy Pung" that Defendant STEVEN PICKENS had foreclosed on the Pung Property.

39.    That letter, despite being dated April 2, 2015, was not mailed until April 22, 2015.

40.    The purpose behind waiting so long to send these communications was to get past the March 31st deadline at which point Plaintiff MICHAEL PUNG would have no recourse under state law.

41.    Defendant STEVEN PICKENS foreclosed on the Pung Property with actual knowledge that the unpaid tax in the form of the Improper Remaining Balance was, in fact, not owed.

42.    Relief from the foreclosure was sought in the state courts for the past three years by fighting the ability to undo the in-rem tax foreclosure, including an Application for Leave to Appeal to the Michigan Supreme Court,

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

and has failed to provide relief in the harm caused by the civil conspiracy and the unconstitutional law, policy, and actions of Defendants STEVEN PICKENS and/or COUNTY OF ISABELLA.

43.    Because the state court challenge was solely premised on an in-rem action (and not in personum action) and to set aside that foreclosure on statutory grounds, there was no means or method to raise the issues brought in this case.

44.    By the joint operation and agreement by and among the defendants, the ESTATE OF TIMOTHY SCOTT PUNG suffered the complete loss of the value in and equity of Pung Property over an amount consisting of less than $2,000.00 in 2018.

45.    All claims brought below ripened upon the entry of the judgment for in-rem foreclosure after the denial of leave to appeal to the Michigan Supreme Court.

46.    Now, Defendant STEVEN PICKENS, in furtherance of the conspiracy, has taken steps to evict the inhabitants of the Pung Property, including Marc Pung, Timothy's son.

**COUNT I**
**CONSPIRACY TO VIOLATE DUE PROCESS**
**42 U.S.C. § 1983[2]**
**(AGAINST DEFENDANTS KOPKE, PICKENS, AND DEPRIEST)**

47.    The previous paragraphs are pled word for word herein.

48.    The Fourteenth Amendment to the United States Constitution prohibits the deprivation to any person of property without due process of law.

49.    Defendants, in joint conspiracy, used their respective powers and authority provided under state law, to assert and effectuate an intentionally invalid legal position that a tax was owed in order to initiate a process to ultimately deprive Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, of property rights in form of ownership of the Pung Property without due process of law.

---

[2] This claim is <u>not</u> brought under 42 U.S.C. § 1985.

50.     When starting this process, all Defendants knew or should have known that no tax was owed based on the decision of ALJ Lasher, the hearing officer for the Michigan Tax Tribunal.

51.     Despite having that knowledge, Defendants, in joint conspiracy, used their respective powers and authority provided under state law to wrongfully and improperly cause or about to cause the complete deprivation of property, i.e. the Pung Property, without due process of law.

**COUNT II**
**EIGHTH AMENDMENT EXCESSIVE FINE**
**42 U.S.C. § 1983**
**(AGAINST COUNTY OF ISABELLA)**

52.     The prior paragraphs are restated word for word herein.

53.     The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the imposition of excessive fines, which the US Supreme Court has applied to action(s) involving *in rem* civil forfeitures as in-kind fines via *Austin v United States*, 509 U.S. 602 (1993).

54.     While a state-court decision is not reviewable by lower federal courts, a policy, statute, or rule *governing* the state court decision may be challenged in a federal action without running afoul of the *Rooker-Feldman* doctrine, see *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011).

55.     The Pung Property is estimated to worth at least $180,000.00.

56.     Due to the actions of Defendant PATIRICA DEPRIEST in wrongfully withdrawing the PRE credit to the Pung Property, Defendant COUNTY OF ISABELLA thereinafter executed and acted upon its prior and voluntarily adopted policy to foreclose upon the Pung Property as an *in rem* forfeiture and imposing an in-kind fine consisting of entire value of the Pung Property  or alternatively the difference between the entire value of the Pung Property and the Improper Remaining Balance, which, in the totality of circumstances, consists of approximately eight tenths of one percent (0.8%) of the value of the Pung Property.

57.     Via *Monell*, Section 1983 municipal liability may be imposed when the alleged unconstitutional act of imposing an unconstitutional excessive fine was accomplished when Defendant COUNTY OF ISABELLA

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

"implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers."

58.   Defendant COUNTY OF ISABELLA voluntarily opted to adopt the enacted FGU policy via a vote of the Board of Commissioners held pursuant to MCL 211.78 to foreclose upon properties like the Pung Property for minor tax balances, whether real or non-existent, which in turn causes Eighth Amendment violation(s).

59.   Any obligation of "foreclosure of forfeited property by" Defendant ISABELLA COUNTY was "*voluntary*" thereby making Defendant ISABELLA COUNTY liable via *Monell*, see MCL 211.78(6), *Cooper v. Dillon*, 403 F.3d 1208, 1222-1223 (11th Cir. 2005); *DePiero v. City of Macedonia*, 180 F.3d 770, 787 (6th Cir. 1999) (same); *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993) (same).

60.   Defendant COUNTY OF ISABELLA, on information and belief, holds and possesses the paper evidence of the decision officially adopting (and promulgated by the body's officers) said policy by a majority vote of the Board of Commissioner, and hold such within its archives.

61.   The forfeiture-styled seizure[3] of the Pung Property by Defendant COUNTY OF ISABELLA regarding the Improper Remaining Balance (existing for whatever reason, whether proper or not) is a formal policy decision authorized by said county as having been voluntarily and freely undertaken by its decision to be an "opt in" county, become the Foreclosing Governmental Unit is Isabella County, and keep equity far in excess of any tax due, regardless if proper or not.

62.   The forfeiture-styled seizure of the equity of the Pung Property in any amount and/or in excess of the Improper Remaining Balance is partially and/or completely punitive under the US Supreme Court's Eighth Amendment Excessive Fines jurisprudence.

63.   The Excessive Fine Clause of the Eighth Amendment to the United States Constitution applies and acts as a constitutional limitation

---

[3] The forfeiture-styled seizure of the Pung Property by Defendant COUNTY OF ISABELLA was done via an *in-rem* civil forfeiture proceeding under Michigan law. *Smith v Cliffs on the Bay Condominium Ass'n (After Remand)*, 245 Mich App 73, 75 (2001); MCL 211.78h(1).

against Defendant COUNTY OF ISABELLA, see *Timbs v. Indiana*, 586 U.S. ___ (2019).

64. By imposing an excessive in-kind fine in the form of the forfeiture of value of the ESTATE OF TIMOTHY SCOTT PUNG's equity interest in the Pung Property in any amount and/or in excess of the Improper Remaining Balance, the Eighth Amendment rights of ESTATE OF TIMOTHY SCOTT PUNG against an excessive fine has been violated.

65. By imposing an excessive in-kind fine in the form of the forfeiture of value of the ESTATE OF TIMOTHY SCOTT PUNG's equity interest in the Pung Property in any amount and/or in excess of the Improper Remaining Balance, the actions of Defendant COUNTY OF ISABELLA is partially and/or fully punitive under US Supreme Court's Eighth Amendment Excessive Fines jurisprudence.

66. Defendant COUNTY OF ISABELLA is a person, as that term is used pursuant to 42 U.S.C. § 1983, acting under the color law and responsible pursuant to standards outlined in *Monell* and its progeny, who has subjected or caused to be subjected the ESTATE OF TIMOTHY SCOTT PUNG to the deprivation of rights, privileges, or immunities secured by the Eighth Amendment of the United States Constitution, by imposing an excessive fine vis-à-vis seizing and deeming as forfeited the entire value of the Pung Property and/or the value of the surplus equity in the Pung Property above or exceeding the Improper Remaining Balance.

67. Said actions violate the Eighth Amendment to the United States Constitution, and is remedied by a money judgment against Defendant COUNTY OF ISABELLA pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT III
## EIGHTH AMENDMENT EXCESSIVE FINE
## 42 U.S.C. § 1983
## (AGAINST DEFENDANT PICKENS)

68. The previous paragraphs are pled word for word herein.

69. The Excessive Fine Clause of the Eighth Amendment to the United States Constitution applies and acts as a constitutional limitation against Defendant STEVEN PICKENS' actions in imposing and/or carrying out an excessive in-kind fine contrary to the United States Constitution, see *Timbs v. Indiana*, 586 U.S. ___ (2019).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

70.   For the acts described as to Defendant COUNTY OF ISABELLA in Count II, Defendant STEVEN PICKENS is also a person, as that term is used pursuant to 42 U.S.C. § 1983, acting under the color law who has subjected or caused to be subjected the ESTATE OF TIMOTHY SCOTT PUNG to the deprivation of rights, privileges, or immunities secured by the Eighth Amendment of the United States Constitution, by imposing an excessive fine vis-à-vis seizing and deeming as forfeited the entire value of the Pung Property and/or the value of the surplus equity in the Pung Property above or exceeding the Improper Remaining Balance.

71.   Qualified immunity does not protect Defendant STEVEN PICKENS from this legal action as freedom from against excessive punitive economic sanctions secured by the Excessive Fine Clause of the Eighth Amendment is "deeply rooted in this Nation's history and tradition" and as such is apparent and clearly established to a reasonable person in charge of fulfilling such duties.

72.   When something has been held to be established since the Magna Carta and is deeply rooted in this Nation's history and tradition, it is or should be clearly apparent to Defendant STEVEN PICKENS that such is unconstitutional as being an Excessive Fine under the Eighth Amendment to the United States Constitution and qualified immunity is precluded.

73.   The actions of Defendant STEVEN PICKENS were purposely and intentionally designed to intentionally or wantonly cause harm to the ESTATE OF TIMOTHY SCOTT PUNG due to the utter and complete disregard of the constitutionally-protected rights of the ESTATE OF TIMOTHY SCOTT PUNG.

74.   Said actions violate the Eighth Amendment to the United States Constitution, and is remedied by a money judgment against Defendant STEVEN PICKENS pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT IV
## FIFTH/FOURTEENTH AMENDMENT TAKING
## 42 U.S.C. § 1983
## (AGAINST DEFENDANT COUNTY OF ISABELLA)

75.   The prior paragraphs are restated word for word herein.

76.   The Fifth Amendment, made applicable to Defendant COUNTY OF ISABELLA via the Fourteenth Amendment, is a self-executing

11

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

constitutional provision requiring the payment of just compensation upon a taking.

77. In another pending legal action, Defendant COUNTY OF ISABELLA has asserted—and Plaintiff PUNG agrees—that a state court or state law remedy does not exist under Michigan law to provide the ESTATE OF TIMOTHY SCOTT PUNG with a process to obtain just compensation (including via a claim of inverse condemnation), including (but not limited to) the application of the Michigan Supreme Court's decisions in *Jones v Powell*, 462 Mich 329 (2000) and *Smith v Dep't of Public Health*, 428 Mich 540 (1987).

78. By said admission, this takings claim is ripe in federal court because no adequate remedy or condemnation process exists in the Michigan courts to obtain just compensation for a taking.

79. Defendant COUNTY OF ISABELLA has taken but not paid just compensation for the constitutionally-protected property interests consisting of equity in the Pung Property from the ESTATE OF TIMOTHY SCOTT PUNG in the form of the entire value of the Pung Property and/or the value of the surplus equity in the Pung Property above or exceeding the Improper Remaining Balance, and was done for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

80. Said actions violate the Fifth and Fourteenth Amendments to the United States Constitution, and is remedied by a money judgment against Defendant COUNTY OF ISABELLA pursuant to 42 U.S.C. §§ 1983 and 1988.

COUNT V<br/>FIFTH/FOURTEENTH AMENDMENT TAKING<br/>42 U.S.C. § 1983<br/>(AGAINST DEFENDANT PICKENS)

81. The prior paragraphs are restated word for word herein.

82. For the acts described as to Defendant COUNTY OF ISABELLA in Count IV, Defendant STEVEN PICKENS is a person, as that term is used pursuant to 42 U.S.C. § 1983, acting under the color law who has subjected or caused to be subjected the ESTATE OF TIMOTHY SCOTT PUNG to the deprivation of rights, privileges, or immunities secured by the Fifth and

Fourteenth Amendments of the United States Constitution in taking (and not utilizing any condemnation process) and not paying required just compensation in the form of the entire value of the Pung Property and/or the value of the surplus equity in the Pung Property above or exceeding the Improper Remaining Balance.

83.   The actions of Defendant STEVEN PICKENS were purposely and intentionally designed to intentionally or wantonly cause harm to the ESTATE OF TIMOTHY SCOTT PUNG due to the utter and complete disregard of the constitutionally-protected rights of the ESTATE OF TIMOTHY SCOTT PUNG.

84.   Said actions violate the Fifth and Fourteenth Amendments to the United States Constitution, and is remedied by a money judgment against Defendant STEVEN PICKENS pursuant to 42 U.S.C. §§ 1983 and 1988.

## RELIEF REQUESTED

85.   WHEREFORE, Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG respectfully requests this Court to—

a.   Enjoin the further disposition or attempted disposition of the Pung Property by any Defendant pending resolution of this case;

b.   Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants, in joint conspiracy, as being unconstitutional;

c.   Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants COUNTY OF ISABELLA and PICKENS as being unconstitutional under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution;

d.   Enter a declaratory or injunctive order of this Court restoring full and rightful title of the Pung Property to Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG having been improperly seized by Defendants under the color of law in violation of the Fourteenth Amendment to the United States Constitution;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

e.   Award compensatory, actual, nominal, and punitive damages for violation of the constitutional rights of the ESTATE OF TIMOTHY SCOTT PUNG;

f.   Enter an order enjoining Defendant STEVEN PICKENS from refusing to cause the payment of just compensation as required by the Fifth and Fourteenth Amendments to the United States Constitution;

g.   Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

h.   Enter an order for all such other relief the court deems equitable.

**JURY DEMANDED**

86.   For all triable issues, a jury is again demanded.

Date: February 23, 2019                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: February 23, 2019             RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com
Attorney for Plaintiff

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com