## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG,
    Plaintiff,

v.

PETER M. KOPKE, in his personal capacity,
PATRICIA DEPRIEST, in her personal capacity;
STEVEN W. PICKENS, in his personal capacity, and
COUNTY OF ISABELLA COUNTY
    Defendants

_____/

Case No.: 18-cv-1334
Honorable Robert J. Jonker

**RULE 16 JOINT REPORT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Pung/Estate
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

WILLIAM SELESKY (P77750)
Department of Attorney General
Asst Attorney General - Labor Div
Counsel for Peter Kopke
P.O. Box 30217
Lansing, MI 48909
(517) 373-2560
SeleskyW1@michigan.gov

CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC
ALLAN C. VANDER LAAN (P33893)
BRADLEY C. YANALUNAS (P80528)
Counsel for Steven Pickens / County of Isabella
2851 Charlevoix Dr, S.E., Ste 327
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

CHARLES A. LAWLER (P65164)
CLARK HILL PLC
Counsel for Patricia DePriest
212 E. Cesar E. Chavez Ave.
Lansing, Michigan 48906
(517) 318-3100
clawler@clarkhill.com

1

## JOINT RULE 16 SCHEDULING CONFERENCE REPORT

A Rule 16 Scheduling Conference is scheduled for July 16, 2019, before the Hon. Robert J. Jonker.  Appearing for the parties as counsel will be:

Philip L. Ellison (P74117)
Attorney for Pung/Estate

Department of Attorney General
Asst Attorney General
Counsel for Peter Kopke

Allan C. Vander Laan (P33893)
Counsel for Steven Pickens / County of Isabella

Charles A. Lawler (P65164)
Counsel for Patricia DePriest

**(1) Jurisdiction:** The basis for the Court's jurisdiction is 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 1983.

**(2) Jury or Non-Jury:** This case is to be tried before a jury.

**(3) Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**(4) Statement of the Case:**
Plaintiff's statement of the case:
> This case involves two segments: the due process conspiracy and the foreclosure portion (takings and excessive fine). This case involves a long history over a tax issue of less than $2,000. Plaintiff alleges that through a series of joint and conspiratorial actions, the local township tax assessor, a local county treasurer, and a clerk with the Michigan Tax Tribunal worked together to deprive an Estate of its PRE credit and cause the ultimate injury in the loss of their family's long-time home. Isabella County and its treasurer are set to sell the ≈$200,000 home by auction on July 16, 2019, see http://www.isabellacounty.org/tax-sale-information. Plaintiff, a

personal representative of a probate estate, claims violations of due process (14th Amendment), a taking (5th Amendment), and excessive fine (8th Amendment).

Defendant Pickens / Isabella County statement of the case:
Defendants rely upon the answer to plaintiff's complaint, the affirmative defenses and the motion and brief for summary judgment which has been filed.

Defendant DePriest statement of the case:
DePriest relies upon her answer, her affirmative defenses and her motion and brief for summary judgment which have previously been filed in this matter. Furthermore, DePriest relies upon Michigan Law which requires a landowner to sign an affidavit to have the Personal Residence Exemption applied to real property and any allegation of any conspiracy is a stretch at the least and is probably closer to a shakedown tactic with regard to DePriest. None of Plaintiff's other claims relate to DePriest.

Defendant Peter Kopke's statement of the case:
Defendant Kopke relies upon his answer to plaintiff's complaint, his affirmative defenses, and his motion and brief for summary disposition which have previously been filed in this matter. Kopke had no involvement in the events underlying this case beyond fielding routine administrative queries in his official role of chief clerk for the Michigan Tax Tribunal. Kopke was not involved in any conspiracy relating to the plaintiff.

**(5) Joinder of Parties and Amendment of Pleadings:** The parties expect to file all final motions for joinder of parties to this action and to file all motions to amend the pleadings by the close of discovery.

**(6) Disclosures and Exchanges:** All Rule 26 disclosures due as follows:

| | |
|---|---|
| Fed.R.Civ.P. 26(a)(1) disclosures: | August 2, 2019 |
| Fed.R.Civ. P. 26(a)(2) disclosures: | September 6, 2019 |
| Fed.R.Civ.P. 26(a)(3) disclosures: | November 1, 2019 |
| Initial Disclosure of potential lay witnesses: | August 2, 2019 |

**(7) Discovery:** The parties believe that all discovery proceedings can be completed by December 27, 2019. The parties recommend the following discovery plan: general open discovery at mutually and reasonable dates as required by the Fed. Rs. Civ. P.

**(8) Motions:** The parties anticipate that all dispositive motions will be filed by January 31, 2020 (being after the close of discovery). The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

**(9) Alternative Dispute Resolution:** The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

Plaintiff: Mid-discovery voluntary facilitative mediation
Defendant Kopke:  Case evaluation
Defendant Pickens/Isabella County: Case evaluation
Defendant Depriest: Case evaluation

**(10) Length of Trial:** Counsel estimate the trial will last approximately 4 days, total, allocated as follows: 2 days for plaintiff's case, 2 days for defendant's case, 0 days for other parties.

**(11) Prospects of Settlement:** The status of settlement negotiations is ongoing. A prior settlement offer was provided but was not accepted by all parties.

**(12) Electronic Document Filing System:** All counsel will file via the Court's CM/ECF system.

**(13) Other:** The Michigan Supreme Court has pending before it a case involving whether a similar process involving excess equity is in violation of the Fifth Amendment, see *Rafaeli, LLC v Oakland Co*, 919 NW2d 401 (Mich 2018). The Court has pending before it three motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6).

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison                              Date: July 9, 2019
PHILIP L. ELLISON (P74117)
Attorney for Pung/Estate

/s/ Allan C. Vander Laan                    Date: July 9, 2019
ALLAN C. VANDER LAAN (P33893)
BRADLEY C. YANALUNAS (P80528)
Counsel for Pickens / County of Isabella

/s/ William Selesky                           Date: July 9, 2019
WILLIAM SELESKY (P77750)
Department of Attorney General
Counsel for Peter Kopke

/s/ Charles A. Lawler                         Date: July 9, 2019
CHARLES A. LAWLER (P65164)
Counsel for Patricia DePriest

5