**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG,
    Plaintiff,

v.

PETER M. KOPKE, in his personal capacity,
PATRICIA DEPRIEST, in her personal capacity;
STEVEN W. PICKENS, in his official and personal capacity, and
COUNTY OF ISABELLA
    Defendants
_____/

Case No.: 18-cv-1334
Honorable Robert J. Jonker

**SECOND AMENDED COMPLAINT
JURY DEMAND**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Pung/Estate
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

WILLIAM SELESKY (P77750)
Department of Attorney General
Asst Attorney General - Labor Div
Counsel for Kopke
P.O. Box 30217
Lansing, MI 48909
(517) 373-2560
SeleskyW1@michigan.gov

CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC
ALLAN C. VANDER LAAN (P33893)
BRADLEY C. YANALUNAS (P80528)
Counsel for Pickens/Isabella Co
2851 Charlevoix Dr, S.E., Ste 327
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

CHARLES A. LAWLER (P65164)
CLARK HILL PLC
Counsel for DePriest
212 E. Cesar E. Chavez Ave.
Lansing, Michigan 48906
(517) 318-3100
clawler@clarkhill.com

**SECOND AMENDED COMPLAINT**

NOW COMES Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, by and through counsel, and complains as follows:

1

## PARTIES

1. Plaintiff MICHAEL PUNG is a resident of the State of Michigan and brings this action in the capacity as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG.

2. Defendant PETER M. KOPKE is a state official who has been sued in his personal capacity.

3. Defendant PATRICIA DEPRIEST is an official with the Township of Union and is sued in her personal capacity.

4. Defendant STEVEN W. PICKENS is treasurer of the County of Isabella and is sued both in his official and personal capacities.

5. Defendant COUNTY OF ISABELLA is a legal entity formed and/or existing under the laws of the State of Michigan and is controlled or operated by its duly-designated BOARD OF COMMISSIONERS.

## JURISDICTION

6. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as this case involves federal questions and federal civil rights under the United States Constitution and 42 U.S.C. § 1983; and has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as it is believed, on information and belief, that Defendant PETER M. KOPKE resides and does business in Ingham County.

## GENERAL ALLEGATIONS

8. In October 2004, Timothy Scott Pung died and left a wife, Donnamarie, and two children, Katie and Marc Pung, at the time of his death.

9. He also left behind improved real property and a home located at 3176 St. Andrews Drive, Union Township, Isabella County, Parcel No. 37-14-120-00-004-00 (hereinafter the "Pung Property").

10. Timothy Scott Pung purchased the Pung Property by warranty deed in 1991 and was granted a Principal Residence Exemption ("PRE") in 1994.

11. Following Timothy's death, Donnamarie Pung lived in the house continuously until her death in 2008.

12. At that point, Marc Pung, Timothy's son, began continuously occupying the Pung Property and continued to do so until April 30, 2019 when he was evicted by Defendant STEVEN W. PICKENS based upon the improper foreclosure resulting from

the wrongful revocation of the PRE credit which, as explained herein, was fully awarded by the decision of ALJ Lasher. See **Exhibit C, p. 1** ("Parcel No. 37-14-120-00-004-00 shall be granted a Principle Residence Exception ("PRE") under MCL 211.7cc" without conditions or by need of further application or affidavit) .

13. In 2010, Defendant PATRICIA DEPRIEST, using her role as assessor at Charter Township of Union, denied the application of the Michigan Principal Residence Exemption, commonly known as the PRE or "homestead credit," on her interpretation and application of the *General Property Tax Act*, MCL 211.78 et seq, for the years of 2007, 2008, and 2009 which resulted in an increased property tax burden.

14. Plaintiff MICHAEL PUNG, as personal representative[1], challenged that conclusion before the Michigan Tax Tribunal which rendered a favorable decision on behalf of the Estate.

15. ALJ Lasher, as the hearing officer for the Michigan Tax Tribunal, found that MCL 211.7dd applied and resulted in entitlement to the PRE for the surviving beneficiaries of the Estate.

16. Specifically, ALJ Lasher concluded that the Estate has proven, by a preponderance of the evidence, that the subject property is qualified to receive an exemption under MCL 211.7cc for the tax years at issue.

17. ALJ Lasher also concluded—

> MCL 211.7cc (2) provides that an owner of property may claim an exemption from school operating taxes so long as the property is owned and occupied as a principal residence by that owner of the property on or before May 1 of the Tax year at issue. MCL 211.7dd(a)(iii) defines the term "owner" to include "a person who owns property as a result of being a beneficiary of a will or trust or as a result of intestate succession." MCL 211.7dd(c) provides that a "principal residence" means the "one place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return…" In this regard, the Tribunal finds that even though title to the subject property has not passed to Donnamarie Pung and Marc Pung, as intestate successors to Timothy Pung both individuals are "owners" of the subject property as that term is defined in applicable statute. Further, the evidence presented by [respondent] clearly establishes that Donnamarie Pung resided at the subject property before the death of her husband, Timothy Pung, and continued to reside at the subject property until Fall 2008. The evidence also establishes that Marc Pung began residing at the subject property

---

[1] *Marc* Pung is decedent Timothy Pung's son. *Michael* Pung is the personal representative (i.e. executor) of the Estate of Timothy Scott Pung. There has been some confusion about Marc Pung versus Michael Pung.

3

when his mother vacated the property, and continues to reside at the subject property.

18. ALJ Lasher also concluded has the Estate had sufficiently proven through testimony and exhibits that the subject property was owned and occupied as a principal residence by two of the beneficiaries of the Trust entitling the Pung Property to the PRE credit.

19. In so doing, ALJ Lasher rejected the Township's only argument, i.e. that the ESTATE OF TIMOTHY SCOTT PUNG was not entitled to the PRE because the ESTATE OF TIMOTHY SCOTT PUNG had not applied for credit with a filed affidavit.

20. ALJ Lasher's decision was rendered March 7, 2012.

21. Following that decision, Defendant PATRICIA DEPRIEST still refused to apply the PRE to the Pung Property consistent with the decision of ALJ Lasher, which resulted in a small, unpaid amount of property taxes equal to an amount consisting of the PRE credit.

22. Defendant STEVEN PICKENS, as the county treasurer of Isabella County, begin foreclosure proceedings under Michigan's *General Property Tax Act* to seize and sell for the unpaid amount of property taxes when the tax liability was, in fact, zero dollars.

23. Defendant STEVEN PICKENS, as the county treasurer of Isabella County, begin foreclosure proceedings when *knowing* that the tax liability of the ESTATE OF TIMOTHY SCOTT PUNG was, in fact, zero dollars due to ALJ Lasher's decision.

24. Plaintiff MICHAEL PUNG, as personal representative, again challenged that action at the foreclosure hearing held in the Isabella County Trial Court and received a favorable ruling.

25. Defendant STEVEN PICKENS, as the county treasurer of Isabella County, appealed that decision to the Michigan Court of Appeals and lost.

26. The Michigan Court of Appeals concluded that the Tax Tribunal had already conclusively held the Estate was entitled to the Principal Residence Exemption and that under the doctrine of res judicata, the Tax Tribunal's conclusion is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action, and specifically any claim the ESTATE OF TIMOTHY SCOTT PUNG was not entitled to the PRE in the first place.

27. In later 2012, Defendant PATRICIA DEPRIEST finally applied the PRE to the Pung Property in the 2012 tax statement (hereinafter the "Original Tax Statement"), see **Exhibit A, p. 48, lines 23-25, p. 49, lines 1-3.**

28. After issuing the Original Tax Statement applying the PRE, Defendant PATRICIA DEPRIEST, after a telephone conversation with Defendant PETER M. KOPKE

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

and possibly Defendant STEVEN W. PICKENS, removed the applied PRE without notice to Plaintiff MICHAEL PUNG, as the personal representative, and by creating but not issuing a changed tax statement regarding the Pung Property for 2012 (hereinafter the "Changed Tax Statement").

29. The late and untimely denial of the PRE via the Changed Tax Statement was also invalid because such requires written notice to the property owner and the Department of Treasury, which was not done by Defendant PATRICIA DEPRIEST, see MCL 211.7cc(6).

30. Defendant PATRICIA DEPRIEST did all this under and by an agreement and/or arrangement with Defendant PETER M. KOPKE.

31. Under Michigan law, any attempt to deny the PRE requires it be done by Defendant PATRICIA DEPRIEST by December 31 of the taxing year, MCL 211.2(c)(2).

32. By an agreement between Defendant PATRICIA DEPRIEST and Defendant PETER M. KOPKE, together with and for the political benefit of Defendant STEVEN PICKENS due his embarrassment and humiliation in losing the prior legal challenges, Defendant PATRICIA DEPRIEST removed the PRE credit from the Pung Property tax calculation vis-à-vis a created (but not proper issuance of the) Changed Tax Statement and unlawfully tried to deny the PRE for the 2012 in February 2013 in a manner expressly contrary to MCL 211.2(c)(2), see **Exhibit A, p. 49, lines 3-10**.

33. In February 2013, Plaintiff MICHAEL PUNG paid the amount listed in the only tax statement given to him, the Original Tax Statement.

34. This unknowingly resulted in a small remaining unpaid tax balance (hereinafter the "Improper Remaining Balance") unknown to Plaintiff MICHAEL PUNG as the personal representative.

35. That unpaid tax balance should have never existed due to the decision of ALJ Lasher and confirmed by the Michigan Court of Appeals, see **Exhibits B and C**.

36. In 2015, Defendant STEVEN W. PICKENS, knowing the Improper Remaining Balance was not owed due to ALJ Lasher's decision and the just-decided Michigan Court of Appeals' decision, commenced tax foreclosure proceedings against the Pung Property for not paying the Improper Remaining Balance, plus the interest and penalties generated (without notice).

37. Plaintiff MICHAEL PUNG did not receive any notice that the Pung Property was being foreclosed upon for Improper Remaining Balance.

38. Via a letter dated April 2, 2015 and despite knowing the Timothy Scott Pung was long deceased, Defendant STEVEN PICKENS wrote a letter to "Timothy Scott Pung" at an address not associated with him, 5475 Blue Heron, Alma, Michigan.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

39. The letter informed "Timothy Pung" that Defendant STEVEN PICKENS had foreclosed on the Pung Property.

40. That letter, despite being dated April 2, 2015, was not mailed until April 22, 2015.

41. The purpose behind waiting so long to send these communications was to get past the March 31st deadline at which point Plaintiff MICHAEL PUNG would have no recourse under state law.

42. Defendant STEVEN PICKENS foreclosed on the Pung Property with actual knowledge that the unpaid tax in the form of the Improper Remaining Balance was, in fact, not owed.

43. Relief from the foreclosure was sought in the state courts for the past three years by fighting the ability to undo the in-rem tax foreclosure, including an Application for Leave to Appeal to the Michigan Supreme Court, and has failed to provide relief in the harm caused by the civil conspiracy and the unconstitutional law, policy, and actions of Defendants STEVEN PICKENS and/or COUNTY OF ISABELLA.

44. Because the state court challenge was solely premised on an in-rem action (and not in personum action) and to set aside that foreclosure on statutory grounds, there was no means or method to raise the issues brought in this case.

45. By the joint operation and agreement by and among the defendants, the ESTATE OF TIMOTHY SCOTT PUNG suffered the complete loss of the value in and equity of Pung Property over an amount consisting of less than $2,000.00 in 2018.

46. Since commencement of this case, Defendants STEVEN PICKENS and/or COUNTY OF ISABELLA sold the Pung Property to a third party via a tax auction.

**COUNT I**
**CONSPIRACY TO VIOLATE DUE PROCESS**
**42 U.S.C. § 1983[2]**
**(AGAINST DEFENDANTS KOPKE, PICKENS, AND DEPRIEST)**

47. The previous paragraphs are pled word for word herein.

48. The Fourteenth Amendment to the United States Constitution prohibits the deprivation to any person of property without due process of law.

49. Defendants, in joint conspiracy, used their respective powers and authority provided under state law, to assert and effectuate an intentionally invalid legal position that a tax was owed in order to initiate a process to ultimately deprive Plaintiff MICHAEL

---

[2] This claim is <u>not</u> brought under 42 U.S.C. § 1985.

PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, of property rights in form of ownership of the Pung Property without due process of law.

50. When starting this process, all Defendants knew or should have known that no tax was owed based on the decision of ALJ Lasher, the hearing officer for the Michigan Tax Tribunal.

51. All Defendants were professionally angry and put off by the actions of Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG in challenging their actions before the Tax Tribunal and the courts of the State.

52. The ESTATE OF TIMOTHY SCOTT PUNG had a property interest in the PRE credit.

53. All Defendants knew or ought to have known, based on the decision of ALJ Lasher and the Court of Appeals' decision of February 2015, that the PRE credit applied to the Pung Property.

54. After the decision of ALJ Lasher in March 2012, Defendant PATRICIA DEPRIEST correctly applied the PRE credit to the Pung Property for 2012 in December 2012 and issued a tax bill accordingly.

55. This makes sense because Defendant PATRICIA DEPRIEST cannot impose or collect upon a bogus tax for the amount equal to the PRE credit.

56. Yet, inexplicitly, Defendants PATRICIA DEPRIEST acted in later 2012 or early 2013 to strike or otherwise withdraw the PRE credit applied to the Pung Property.

57. In testimony before the Isabella County Trial Court, Defendant PATRICIA DEPRIEST testified that—

> Q. Initially when you sent out the notice for 2012, you granted the principal residence exemption, didn't you?
>
> DePriest: Yes I did.
>
> Q. And that would have gone out I believe in December of 2012?
>
> DePriest: Yes it did. I in turn, sir, was told by Peter Kopke that I had no right to give that homestead and I had to deny it, which in order of the tribunal I did.
>
> Q. Is there an order of the tribunal anywhere or was this based on the telephone conversation with somebody?
>
> DePriest: With Peter Kopke because I had no documentation from anybody and I did not have the right to give that homestead was the words.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7

Case 1:18-cv-01334-RJJ-PJG   ECF No. 65, PageID.516   Filed 09/20/19   Page 8 of 15

> Q.         You had been told by the administrative law judge that the estate was entitled to the principal residence exemption.
>
> DePriest:  And it is, you have to have someone come forward for it in the law to get it.
>
> Q.         That's not what the administrative law judge--
>
> DePriest:  I don't care what he says; the law says that you do.

58. Defendant PETER M. KOPKE had no business, authority or interest in directing the actions or decisions of Defendant PATRICIA DEPRIEST and was acting in concert with Defendant PATRICIA DEPRIEST deprive the ESTATE OF TIMOTHY SCOTT PUNG of its interest via the PRE credit.

59. When depriving the ESTATE OF TIMOTHY SCOTT PUNG of this property right, due process is required by Defendant STEVEN W. PICKENS and/or Defendant PETER M. KOPKE.

60. MCL 211.7cc accounts for it but Defendants PATRICIA DEPRIEST and STEVEN W. PICKENS never provided it.

61. Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, also expressly alleges that no notice of the tax amount being changed (i.e. the PRE credit was being revoked) was provided to him.[3]

62. Defendant STEVEN W. PICKENS had actual knowledge that neither Defendant PATRICIA DEPRIEST nor Defendant PETER M. KOPKE could impose or collect upon a bogus tax for the amount equal to the PRE credit.

63. Yet, Defendant PICKENS, in agreement with Defendant PATRICIA DEPRIEST and/or Defendant PETER M. KOPKE, acted in joint concert contrary to the property interests of the ESTATE OF TIMOTHY SCOTT PUNG.

64. The reason for not providing notice was designed to cause a false tax deficiency to ultimately cause the loss of the Pung Property.

---

[3] In the interest of full disclosure, counsel for Plaintiff and counsel for Defendant DePriest have corresponded whereby Defendant Patricia DePriest has presented a copy of what DePriest asserts is a signed "Notice of Denial of Principal Residence Exemption" dated February 7, 2013. Plaintiff and his other counsel have searched their files and have located an *unsigned* copy of this document which contains underlining and staple holes. It is still Plaintiff's position that Defendant DePriest never supplied Plaintiff with written notice of her decision to take away the PRE credit already applied to the Pung Property for the 2012 taxing year. The presentment of this document only now casts serious doubts as to the authenticity of the document.

8

65. All Defendants had actual knowledge that the PRE credit applied to the Pung Property and that such the amount of the tax equal to the PRE was not and never was due.

66. By an agreement between Defendant PATRICIA DEPRIEST and Defendant PETER M. KOPKE, together with and for the political benefit of Defendant STEVEN W. PICKENS due each defendant's embarrassment and humiliation in losing the prior legal challenges, Defendant PATRICIA DEPRIEST made an agreement with Defendant PETER M. KOPKE to remove the PRE credit from the Pung Property tax calculation and unlawfully tried to deny the PRE for the 2012 in February 2013 in a manner expressly contrary to MCL 211.2(c)(2).

67. Knowing that the PRE credit could not be denied or removed, Defendant STEVEN PICKENS acted in joint concert contrary to the property interests of the ESTATE OF TIMOTHY SCOTT PUNG by then taking steps both deny the PRE in 2013 by failing to provide the required notice and then continuing the joint conspiracy with Defendant PATRICIA DEPRIEST and Defendant PETER M. KOPKE by seizing the Pung Property for alleged tax delinquency which was not then or ever due as a result of the decision of ALJ Lasher in March 2012.

68. Each defendant, in joint agreement, used their respective governmental powers to deprive the ESTATE OF TIMOTHY SCOTT PUNG of its PRE credit without process due by law and used their respective governmental powers, acting under the color of law, as the means to inflict harm of loss of the Pung Property as part of a conspiracy.

69. Despite having that knowledge, Defendants, in joint conspiracy, used their respective powers and authority provided under state law to wrongfully and improperly cause or about to cause the complete deprivation of property, i.e. the Pung Property, without due process of law.

## COUNT II
## EQUAL PROTECTION VIOLATION – CLASS OF ONE
## 42 U.S.C. § 1983
## (AGAINST ALL DEFENDANTS)

70. The previous paragraphs are pled word for word herein.

71. The decision of ALJ Lasher, the hearing officer for the Michigan Tax Tribunal, firmly and properly directed that the PRE credit belonged and was the right of the Pung Property.

72. The decision of ALJ Lasher clearly and unambiguously ordered that the officer charged with maintaining the assessment rolls for the tax years at issue (i.e. Defendant PATRICIA DEPRIEST) shall correct and cause the assessment rolls to be corrected to reflect the corrected proper taxing values for the Pung Property containing the PRE credit, which means that like every other taxpayer who has a PRE credit applied,

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

the ESTATE OF TIMOTHY SCOTT PUNG does not have to reapply on a regular or any periodic basis. **Exhibit C, p. 3.**

73. Defendant PATRICIA DEPRIEST failed to do so as to the 2012 assessment.

74. The decision of ALJ Lasher clearly and unambiguously ordered that the officer charged with collecting or refunding the affected taxes (i.e. Defendant STEVEN W. PICKENS) shall collect taxes and any applicable interest or issue a refund as required by the Final Opinion and Judgment within 28 days of entry of the Final Opinion and Judgment.

75. Defendants PICKENS and the COUNTY OF ISABELLA failed to do so as to the 2012 assessment.

76. As the Clerk of the Michigan Tax Tribunal, Defendant PETER M. KOPKE had the obligation to follow the directives of ALJ Lasher and minimally was required to refrain from directing or entering into an agreement with Defendant DEPRIEST to remove the PRE credit from the Pung Property's tax calculation.

77. The ESTATE OF TIMOTHY SCOTT PUNG has been intentionally treated differently by Defendants COUNTY OF ISABELLA, PICKENS, KOPKE, and DEPRIEST from others similarly situated by the refusal to keep in place the PRE credit belonging to the Pung Property by the decision of ALJ Lasher for 2012 and thereafter, which means that like every other taxpayer who has a PRE credit applied, the ESTATE OF TIMOTHY SCOTT PUNG do not have to reapply on a regular or periodic basis

78. There was and is no rational basis for the difference in treatment by Defendants COUNTY OF ISABELLA, PICKENS, KOPKE, and DEPRIEST.

79. Defendants COUNTY OF ISABELLA, PICKENS, KOPKE, and DEPRIEST likely did these actions as result of their subjective ill-will towards Plaintiff MICHAEL PUNG as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG.

80. The actions described herein is a policy of the County of Isabella or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

81. The actions of Defendants COUNTY OF ISABELLA PICKENS, KOPKE, and DEPRIEST were irrational and wholly arbitrary with the design not to correctly apply Michigan law but to inflict harm and loss on the Pung Property and the ESTATE OF TIMOTHY SCOTT PUNG.

82. Such action caused losses and damages to the ESTATE OF TIMOTHY SCOTT PUNG and violates its right equal protection.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## COUNT III
## EIGHTH AMENDMENT EXCESSIVE FINE
## 42 U.S.C. § 1983
## (AGAINST COUNTY OF ISABELLA AND/OR
## DEFENDANT PICKENS IN HIS OFFICIAL CAPACITY)

83. The prior paragraphs are restated word for word herein.

84. The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the imposition of excessive fines, which the US Supreme Court has applied to action(s) involving *in rem* civil forfeitures as in-kind fines via *Austin v United States*, 509 U.S. 602 (1993).

85. While a state-court decision is not reviewable by lower federal courts, a policy, statute, or rule *governing* the state court decision may be challenged in a federal action without running afoul of the *Rooker-Feldman* doctrine, see *Skinner v. Switzer*, 131 S. Ct. 1289, 1298 (2011).

86. The Pung Property is estimated to worth at least $180,000.00.

87. Due to the actions of Defendant PATIRICA DEPRIEST in wrongfully withdrawing the PRE credit to the Pung Property, Defendant COUNTY OF ISABELLA thereinafter executed and acted upon its prior and voluntarily adopted policy to foreclose upon the Pung Property as an *in rem* forfeiture and imposing an in-kind fine consisting of entire value of the Pung Property or alternatively the difference between the entire value of the Pung Property and the Improper Remaining Balance, which, in the totality of circumstances, consists of approximately eight tenths of one percent (0.8%) of the value of the Pung Property.

88. Via *Monell*, Section 1983 municipal liability may be imposed when the alleged unconstitutional act of imposing an unconstitutional excessive fine was accomplished when Defendant COUNTY OF ISABELLA "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers."

89. Defendant COUNTY OF ISABELLA voluntarily opted to adopt the enacted FGU policy via a vote of the Board of Commissioners held pursuant to MCL 211.78 to foreclose upon properties like the Pung Property for minor tax balances, whether real or non-existent, which in turn causes Eighth Amendment violation(s).

90. Any obligation of "foreclosure of forfeited property by" Defendant ISABELLA COUNTY was "*voluntary*" thereby making Defendant ISABELLA COUNTY liable via *Monell*, see MCL 211.78(6), *Cooper v. Dillon*, 403 F.3d 1208, 1222-1223 (11th Cir. 2005); *DePiero v. City of Macedonia*, 180 F.3d 770, 787 (6th Cir. 1999) (same); *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 364 (6th Cir. 1993) (same).

91. Defendant COUNTY OF ISABELLA, on information and belief, holds and possesses the paper evidence of the decision officially adopting (and promulgated by the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

body's officers) said policy by a majority vote of the Board of Commissioner, and hold such within its archives.

92.     The forfeiture-styled seizure[4] of the Pung Property by Defendant COUNTY OF ISABELLA regarding the Improper Remaining Balance (existing for whatever reason, whether proper or not) is a formal policy decision authorized by said county as having been voluntarily and freely undertaken by its decision to be an "opt in" county, become the Foreclosing Governmental Unit is Isabella County, and keep equity far in excess of any tax due, regardless if proper or not.

93.     The forfeiture-styled seizure of the equity of the Pung Property in any amount and/or in excess of the Improper Remaining Balance is partially and/or completely punitive under the US Supreme Court's Eighth Amendment Excessive Fines jurisprudence.

94.     The Excessive Fine Clause of the Eighth Amendment to the United States Constitution applies and acts as a constitutional limitation against Defendant COUNTY OF ISABELLA, see *Timbs v. Indiana*, 586 U.S. ___ (2019).

95.     By imposing an excessive in-kind fine in the form of the forfeiture of value of the ESTATE OF TIMOTHY SCOTT PUNG's equity interest in the Pung Property in any amount and/or in excess of the Improper Remaining Balance, the Eighth Amendment rights of ESTATE OF TIMOTHY SCOTT PUNG against an excessive fine has been violated.

96.     By imposing an excessive in-kind fine in the form of the forfeiture of value of the ESTATE OF TIMOTHY SCOTT PUNG's equity interest in the Pung Property in any amount and/or in excess of the Improper Remaining Balance, the actions of Defendant COUNTY OF ISABELLA is partially and/or fully punitive under US Supreme Court's Eighth Amendment Excessive Fines jurisprudence.

97.     Defendant COUNTY OF ISABELLA is a person, as that term is used pursuant to 42 U.S.C. § 1983, acting under the color law and responsible pursuant to standards outlined in *Monell* and its progeny, who has subjected or caused to be subjected the ESTATE OF TIMOTHY SCOTT PUNG to the deprivation of rights, privileges, or immunities secured by the Eighth Amendment of the United States Constitution, by imposing an excessive fine vis-à-vis seizing and deeming as forfeited the entire value of the Pung Property and/or the value of the surplus equity in the Pung Property above or exceeding the Improper Remaining Balance.

98.     Said actions violate the Eighth Amendment to the United States Constitution, and is remedied by a money judgment against Defendant COUNTY OF ISABELLA pursuant to 42 U.S.C. §§ 1983 and 1988.

---

[4] The forfeiture-styled seizure of the Pung Property by Defendant COUNTY OF ISABELLA was done via an *in-rem* civil forfeiture proceeding under Michigan law. *Smith v Cliffs on the Bay Condominium Ass'n (After Remand)*, 245 Mich App 73, 75 (2001); MCL 211.78h(1).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## COUNT IV
## FIFTH/FOURTEENTH AMENDMENT TAKING
## 42 U.S.C. § 1983
## (AGAINST COUNTY OF ISABELLA AND/OR
## DEFENDANT PICKENS IN HIS OFFICIAL CAPACITY)

99. The prior paragraphs are restated word for word herein.

100. Defendants County of Isabella and/or Defendant Pickens in his official capacity have taken Plaintiff's property interests in the form of the value of the Pung Property due to the lack of any due tax.

101. In the alternative, Defendants County of Isabella and/or Defendant Pickens in his official capacity have taken Plaintiff's property interests in the form of the equity and/or monies beyond the amount of unpaid taxes and administrative expenses, legally-authorized costs and interest owed, and have appropriated said property in the form of equity for public use.

102. Defendant COUNTY OF ISABELLA and/or Defendant PICKENS (in his official capacity) has taken but not paid just compensation for property interests consisting of equity in the Pung Property from the ESTATE OF TIMOTHY SCOTT PUNG in the form of the entire value of the Pung Property and/or the value of the surplus equity in the Pung Property above or exceeding the Improper Remaining Balance, and was done for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

103. The US Supreme Court has explained a property owner, like Plaintiff MICHAEL PUNG as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, acquires a right to compensation immediately upon an uncompensated taking because the taking itself violates the Fifth Amendment and can bring a claim under 42 USC § 1983 for the deprivation of a constitutional right at that time.

104. Said actions violate the Fifth and Fourteenth Amendments to the United States Constitution, and is remedied by a money judgment against Defendant COUNTY OF ISABELLA pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT V
## FIFTH/FOURTEENTH AMENDMENT TAKING
## INVERSE CONDEMNATION / MICHIGAN CONSTITUTION
## (AGAINST DEFENDANT COUNTY OF ISABELLA)

105. The prior paragraphs are restated word for word herein.

106. Section X, Article 2 of the Michigan Constitution mandates that private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law.

107. Section X, Article 2 of the Michigan Constitution further mandates if private property consisting of an individual's principal residence is taken for public use, the amount of compensation made and determined for that taking shall be not less than 125% of that property's fair market value, in addition to any other reimbursement allowed by law.

108. Defendant COUNTY OF ISABELLA has taken but not paid just compensation for protected property interests consisting of equity in the Pung Property from the ESTATE OF TIMOTHY SCOTT PUNG in the form of the entire value of the Pung Property and/or the value of the surplus equity in the Pung Property above or exceeding the Improper Remaining Balance, and was done for public use without the payment of just compensation in violation of the laws of the State of Michigan including Section X, Article 2 of the Michigan Constitution vis-a-vis by inverse condemnation.

109. Defendant COUNTY OF ISABELLA does not intend to pay or otherwise refuses to immediately pay just compensation by or via any known procedures.

110. An inverse condemnation has occurred and damages are to be awarded.

## RELIEF REQUESTED

111. WHEREFORE, Plaintiff MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG, respectfully requests this Court to—

a. Award compensatory, actual, nominal, and punitive damages for violation of the rights of the ESTATE OF TIMOTHY SCOTT PUNG as it is entitled;

b. Enter an order enjoining Defendant STEVEN PICKENS in his official capacity from refusing to cause the payment of just compensation as required by the Fifth and Fourteenth Amendments to the United States Constitution and Section X, Article 2 of the Michigan Constitution;

c. Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

d. Enter an order for all such other relief the court deems equitable.

## JURY DEMANDED

112. For all triable issues, a jury is again demanded.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Date: September 20, 2019                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: September 20, 2019                    RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com
Attorney for Plaintiff