UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PUNG, as the personal representative of the ESTATE OF TIMOTHY SCOTT PUNG,

    Plaintiff,

v

PETER KOPKE, in his personal capacity, PATRICIA DEPRIEST, in her personal capacity, STEVEN W. PICKENS, in his personal capacity, and COUNTY OF ISABELLA,

    Defendants.

No. 18-cv-1334

HON. ROBERT J. JONKER

/

| | |
|---|---|
| Philip L. Ellison (P74117)<br>Attorney for Plaintiff<br>P.O. Box 107<br>Hemlock, MI 48626<br>(989) 642-0055 | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Attorneys for Defendants Steven W. Pickens and County of Isabella<br>2851 Charlevoix Dr SE, Ste 327<br>Grand Rapids, MI 49546<br>(616) 975-7470 |
| William S. Selesky (P77750)<br>Attorney for Defendant Peter Kopke<br>Michigan Department of Attorney General<br>Labor Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7641 | Charles A. Lawler (P65164)<br>Attorney for Defendant Patricia DePriest<br>212 E. Cesar E. Chavez Ave.<br>Lansing, MI 48906<br>(517) 318-3100 |

/

**DEFENDANT PETER KOPKE'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Peter Kopke moves for dismissal of plaintiff Michael Pung's second amended complaint.

1.   In his second amended complaint, Pung asserts two counts involving Kopke.  First, Pung alleges a conspiracy between Kopke and the other defendants to violate Pung's due-process rights by denying Pung a property-tax exemption on real property, and then foreclosing on the property when the tax bill was not paid.  Pung now also asserts a conspiracy between Kopke and the other defendants to violate Pung's equal-protection rights for the same alleged conduct.

2.   Pung's claims on both counts are insufficiently pleaded as to Kopke and must be dismissed.  Although Pung describes the conduct of the other defendants, he provides no sufficient material basis for Kopke's presence in this lawsuit.  Similar to his first amended complaint, Pung still has not cogently explained who Kopke is, any power or authority he might possess relevant to the underlying claims, or the relationship between Kopke and any other party in this case.  Pung's claims against Kopke lack specificity to the point that they must be dismissed.

3.   Kopke is also entitled to qualified immunity.  Because Kopke is a state official, he is shielded from liability except for conduct that violates clearly established rights of which a reasonable person would have known.  Kopke's status as a state official also means he has no authority or power over local tax assessments or foreclosures.  Thus, Kopke could not have violated any clearly

established right relating to Pung's property-tax assessment or subsequent foreclosure.

4.   This motion will be opposed by Pung.

For these reasons, as developed more-fully in the accompanying brief in support, defendant Peter Kopke respectfully requests this Court dismiss Pung's claims against Kopke with prejudice.

                      Respectfully submitted,

                      Dana Nessel
                      Attorney General


                      /s/ William S. Selesky
                      Assistant Attorney General
                      Attorneys for Defendant Peter Kopke
                      Labor Division
                      P.O. Box 30736
                      Lansing, MI 48909
                      (517) 335-7641
                      Seleskyw1@michigan.gov
                      P77750

Dated:  November 1, 2019

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PUNG, as the personal
representative of the ESTATE OF TIMOTHY
SCOTT PUNG,

    Plaintiff,

v

PETER KOPKE, in his personal capacity,
PATRICIA DEPRIEST, in her personal
capacity, STEVEN W. PICKENS, in his
personal capacity, and COUNTY OF
ISABELLA,

    Defendants.
_____/

No. 18-cv-1334

HON. ROBERT J. JONKER


**BRIEF IN SUPPORT OF DEFENDANT PETER KOPKE'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**


Dana Nessel
Attorney General

William S. Selesky
Assistant Attorney General
Attorneys for Defendant Peter Kopke
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7641
Seleskyw1@michigan.gov
P77750

Dated: November 1, 2019

## TABLE OF CONTENTS

Page

Table of Contents ............................................................................................................. i

Index of Authorities ........................................................................................................ ii

Concise Statement of Issues Presented ..................................................................... iv

Statement of Facts .......................................................................................................... 1

    A.    Pung's long-running tax dispute with Isabella County and local officials Pickens and DePriest. ........................................................... 1

    B.    This Court dismisses each count against Kopke contained in Pung's first amended complaint. .......................................................... 3

Argument ......................................................................................................................... 4

I.    Pung fails to sufficiently plead a constitutional violation or civil conspiracy against Kopke. ..................................................................... 4

    A.    To survive dismissal, a complaint must contain more than just conclusory recitations of the elements of a claim .................................. 4

    B.    Pung fails to adequately plead his claims against Kopke because the allegations are bare assertions that fail to identify who Kopke is or why Kopke is being sued. ..................................................... 6

II.    Kopke is entitled to qualified immunity. ........................................................ 8

    A.    To be liable, a government official must engage in conduct that violates clearly established rights. ........................................................ 8

    B.    Kopke could not have violated any of Pung's clearly established rights because state law provides Kopke no role in local-property-tax assessments. ................................................................. 9

Conclusion and Relief Requested ............................................................................... 11

Certificate of Compliance ............................................................................................ 12

# INDEX OF AUTHORITIES

Page

**Cases**

*Anderson v. Creighton*,
  483 U.S. 635 (1987) ................................................................................................. 8, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 4, 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 5

*Chapman v. Detroit*,
  808 F.2d 459 (6th Cir. 1986) ........................................................................................ 5

*Corsetti v. Hackel*,
  No. 10-12823, 2013 WL 2372284 (E.D. Mich. May 7, 2013) ..................................... 5

*Fieger v. Cox*,
  524 F.3d 770 (6th Cir. 2008) ........................................................................................ 7

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ....................................................................................................... 8

*Isabella County Treasurer v. Estate of Timothy Scott Pung*,
  902 N.W.2d 632 (Mich. 2017) ....................................................................................... 3

*Isabella County Treasurer v. Estate of Timothy Scott Pung*,
  unpublished opinion of the Michigan Court of Appeals, issued April 18,
  2017 (Docket No. 329858) ............................................................................................ 3

*Lanman v. Hinson*,
  529 F.3d 673 (6th Cir. 2008) ........................................................................................ 5

*Papasan v. Allain*,
  478 U.S. 265 (1986) ....................................................................................................... 4

**Statutes**

Mich. Comp. Laws § 205.731 .......................................................................................... 10

Mich. Comp. Laws § 211.2(2) ............................................................................................ 9

Mich. Comp. Laws § 211.7cc(2) ...................................................................................... 1

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 1, 8

Federal Rule of Civil Procedure 8 ................................................................................ 4

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Court should dismiss the second amended complaint because plaintiff fails to sufficiently plead any constitutional claim against defendant Peter Kopke.

2. Whether defendant Peter Kopke is entitled to qualified immunity.

# STATEMENT OF FACTS

### A. Pung's long-running tax dispute with Isabella County and local officials Pickens and DePriest.

This motion arises pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, for the purposes of this motion, defendant Peter Kopke must rely upon the well-pleaded facts as alleged by plaintiff Michael Pung.

This case relates to a parcel of real property at 3176 Andrews Drive in Union Township, Michigan ("the property").  (ECF No. 65, PageID.510.)  Plaintiff Michael Pung is the personal representative of Timothy Scott Pung, who died in 2004.  (*Id.*) Timothy Scott Pung was the owner of the property, and he left it to his wife and children, including Marc Pung, who has apparently resided at the property since 2008.  (*Id.*)

Beginning in 2010, Pung[1] entered into a long-running dispute with the other defendants in this case, Patricia DePriest, William Pickens, and Isabella County, that continues to this day.  This spat began when DePriest, as Union Township assessor, denied an application for a Michigan Principal Residence Exemption (PRE) on the property for tax years 2007, 2008, and 2009.  (*Id.* at PageID.511.)  A PRE is a creature of Michigan statute, under which an owner of property may claim an exemption from some local taxes so long as the property is owned and occupied as a principal residence by the owner of the property.  Mich. Comp. Laws § 211.7cc(2).  Pung appealed DePriest's denial to the Michigan Tax Tribunal.  (ECF

---

[1] For the purposes of this brief, "Pung" refers to plaintiff Michael Pung.

1

No. 65, PageID.511.) In 2012, an administrative law judge at the Michigan Tax Tribunal issued a decision awarding the PRE to the property for the 2007, 2008, and 2009 tax years. (*Id.* at PageID.511–512.)

Later, DePriest denied new applications for a PRE on the property for tax years 2010 and 2011. (*Id.* at PageID.512.) Following DePriest's assessment, defendant William Pickens, in his role as Isabella County treasurer, initiated foreclosure proceedings on the property. (*Id.*) Rather than challenging DePriest's assessment through the Michigan Tax Tribunal as done previously, Pung elected to challenge the foreclosure proceedings in the Isabella County Circuit Court. (*Id.*) The circuit court judge stopped the foreclosure proceedings and ordered that a PRE should be granted on the property for the 2010 and 2011 tax years. (*Id.*) Pickens appealed the circuit court order to the Michigan Court of Appeals. (*Id.*) In 2015, the Michigan Court of Appeals affirmed the circuit court's order, concluding that the circuit court possessed subject-matter jurisdiction over the proceedings at issue, and that the circuit court had the authority to apply the findings of the Michigan Tax Tribunal relating to the 2007, 2008, and 2009 tax years to DePriest's assessment for the 2010 and 2011 tax years. (ECF No. 65-2, PageID.549–553.)

In late 2012, DePriest again denied an application for a PRE on the property, this time for the 2012 tax year. (ECF No. 65, PageID.512–513.) Pung remitted a tax payment for the amount owed if the PRE had been granted, but refused to pay the remaining balance of the tax bill that related to DePriest's denial of the PRE application. (*Id.* at PageID.513.) As the 2010/2011 tax year dispute made its way

2

through the Michigan courts, Pickens initiated new foreclosure proceedings on the property for the unpaid 2012 tax year assessment. (*Id.*) Pung alleged that he did not receive notice of those foreclosure proceedings, and the foreclosure process concluded without any challenge or appeal. (*Id.* at PageID.513–514.) Pung then moved to set aside the foreclosure in the Isabella County Circuit Court, arguing that Pickens violated his due-process right to notice regarding the foreclosure. The circuit court ordered the foreclosure set aside, but the Michigan Court of Appeals reversed the circuit court's order and remanded for entry of the foreclosure in 2017. (Exhibit A, *Isabella County Treasurer v. Estate of Timothy Scott Pung*, unpublished opinion of the Michigan Court of Appeals, issued April 18, 2017 (Docket No. 329858).) Specifically, the Michigan Court of Appeals held that the notice of the foreclosure sent by Isabella County to Pung was constitutionally sufficient, and that there was no violation of Pung's due-process rights associated with the foreclosure of the property. (*Id.* at 4–5.) The Michigan Supreme Court denied Pung's application for leave to appeal. (Exhibit B, *Isabella County Treasurer v. Estate of Timothy Scott Pung*, 902 N.W.2d 632 (Mich. 2017).)

### B. This Court dismisses each count against Kopke contained in Pung's first amended complaint.

Pung's first amended complaint asserted one count regarding Kopke: alleged conspiracy to violate Pung's due-process rights by denying Pung a property tax exemption on real property, and then foreclosing on the property when the tax bill was not paid. (ECF No. 19, PageID.134–135.) Kopke filed a motion to dismiss,

arguing that Pung's complaint was not sufficiently pleaded regarding Kopke's alleged activities, and that Kopke was entitled to qualified immunity. (ECF No. 35, PageID.244–249.) Following a hearing regarding Kopke's motion, as well as the other defendants' dispositive motions, this Court granted each defendant's motion to dismiss regarding the due-process conspiracy count, but allowed Pung leave to replead the count in a second amended complaint. (ECF No. 59, PageID.455–456.) On September 20, 2019, Pung filed a second amended complaint, alleging the same conspiracy count against Kopke with respect to his due-process rights, and adding a new claim for conspiracy to violate Pung's equal-protection rights. (ECF No. 65, PageID. 509–523.)

## ARGUMENT

### I. Pung fails to sufficiently plead a constitutional violation or civil conspiracy against Kopke.

#### A. To survive dismissal, a complaint must contain more than just conclusory recitations of the elements of a claim.

Pung bears the burden of setting forth sufficient allegations to avoid dismissal. In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)), the Supreme Court held that Federal Rule of Civil Procedure 8 requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." The Court has also noted that a complaint offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550

4

U.S. 544, 555 (2007). A complaint does not suffice if it contains "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

The Sixth Circuit has held that constitutional claims against government officials must allege, "with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis added). These pleading requirements are justified, as allowing a complaint to proceed requires "the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties." *Chapman v. Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

A plaintiff must present well-pleaded allegations showing that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In *Iqbal*, the Court found plaintiffs' allegation that defendants subjected Arab-Muslim men to confinement based upon profiling was simply a "formulaic recitation of the elements" of a constitutional discrimination claim. *Id.* at 680–681. Further, the factual allegations involving the arrest and detention policies provided an inference only, which failed to establish that plaintiffs were entitled to relief. *Id.* at 682. See also *Corsetti v. Hackel*, No. 10-12823, 2013 WL 2372284, at *22 (E.D. Mich. May 7, 2013) (Lawson, J) (Exhibit C) (finding dismissal appropriate where plaintiff failed to

5

allege with particularity what *each* government official did to violate the constitutional right.)

> **B.  Pung fails to adequately plead his claims against Kopke because the allegations are bare assertions that fail to identify who Kopke is or why Kopke is being sued.**

Pung's conspiracy claim, especially relating to Kopke, is facially insufficient. Pung's second amended complaint summarizes the years-long feud between his family and local officials Pickens and DePriest over local taxes owed on the property. (ECF No. 65, PageID.511–514.)  The majority of Pung's general allegations describe actions allegedly taken by DePriest as the Union Township assessor and Pickens as Isabella County treasurer, which took place as the property continued to be the subject of various local-property-tax disputes and foreclosure proceedings. (*Id.*)

But despite another chance from this Court to clarify his claims against Kopke, Pung fails to provide meaningful allegations regarding any alleged conduct by Kopke.  As pleaded, Pung makes the bare assertion that Kopke, as a state official, conspired with DePriest and Pickens to make retroactive changes to the PRE on Pung's property for the purpose of depriving Pung of his due-process rights. (*Id.*)  But Pung fails to provide any coherent explanation of Kopke's possible role in this alleged conspiracy, or to allege any further facts beyond the bare assertion of involvement.  Pung points to a stray remark made by DePriest before the Isabella County Circuit Court (in a matter involving the Pung property in which Kopke was not a party or privy), that at some point in time, she had a telephone conversation

6

with Kopke that led her to change the PRE status on the Pung property.  (*Id.* at PageID.515–516.)  That is it.

There is no allegation of who Kopke is or any authority he may have by virtue of his office.  There is no allegation that Kopke was even aware of the dispute between the other parties in this case over the property, or when he entered into the alleged agreement, or how he would have any authority or ability to enter into any sort of "agreement and/or arrangement" regarding official actions taken by local officials regarding the property's local-tax status.  Simply put, there are no specific allegations from which Kopke could understand why he is being sued in this case.  In fact, Kopke has stated in an affidavit included with this brief that he was and is utterly unaware of the dispute over Pung's property, and that he has no memory of ever speaking with any of the other defendants in this case.  (Exhibit D, Kopke Affidavit.)  Kopke's job as Chief Clerk of the Tax Tribunal requires him to field general questions from the public regarding case status updates or general information about the Tax Tribunal, but he has no recollection of ever speaking with DePriest, or of fielding any calls regarding the property at issue in this case.  (*Id.*)

It is the responsibility of a plaintiff to plead his or her claim with some specificity regarding each individual defendant.  *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).  In this case, that should at least include some explanation of what Kopke actually did, or how Kopke, in his role as the Chief Clerk with the Michigan Tax Tribunal, had any power, authority, or role involving any aspect of Pung's

7

property-assessment dispute. Pung's failure to address this is crucial because Kopke could not meaningfully participate in any conspiracy to violate Pung's due-process rights if he had no power or authority to take any action in his role that would impact those rights. In sum, Pung has not sufficiently pleaded any specific claim against Kopke. Pung's complaint against Kopke should therefore be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6).

## II.     Kopke is entitled to qualified immunity.

### A.     To be liable, a government official must engage in conduct that violates clearly established rights.

It is well established that "government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Pung alleges that Kopke is a state official, and in his second amended complaint, now notes that he is "Clerk" of the Michigan Tax Tribunal. (ECF No. 65, PageID.518.) Thus, Kopke is shielded from liability if his conduct did not violate any clearly established right of which a reasonable person would have known. *Harlow*, 457 U.S. at 818. Conduct violates an established right only when, at the time of the challenged conduct, "the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Plaintiffs must demonstrate that the right the official is alleged to have violated must have been "clearly established"

8

in a "more particularized, and hence more relevant, sense." *Anderson*, 483 U.S. at 639. The Court analogized that while the right to due process of law is "quite clearly established," it is too general an inquiry to establish the government actors understood that their conduct violated that right. *Id.*

      **B.**    **Kopke could not have violated any of Pung's clearly established rights because state law provides Kopke no role in local-property-tax assessments.**

Pung has alleged that Kopke is a state official who had some agreement with DePriest and Pickens to change the local-tax assessment on the property. (ECF No. 65, PageID.513–517.) But as previously noted, the second amended complaint is pleaded in such a conclusory and generalized manner regarding Kopke that it is difficult to ascertain what clearly established right Kopke could have violated, even accepting Pung's assertions as true. Pung makes reference to his general Fourteenth Amendment rights to due process and equal protection, as well as a Michigan statute, Mich. Comp. Laws § 211.2(2). But again, Pung has not alleged any material facts regarding *Kopke's* involvement in this case, including what authority was accorded to him in his official role. The shortcomings of the second amended complaint's allegations against Kopke are unsurprising because state law shows that Kopke could not have played a role in establishing the local-tax status of the property.

Indeed, the nature of Michigan's tax laws makes impossible Pung's allegation that Kopke and the other defendants conspired to violate Mich. Comp. Laws § 211.2(2). That statute requires an "assessing officer" to determine the taxable

9

status of real property for a tax year by December 31 for the preceding tax year. The "assessing officer" is a *local* official in the *local* jurisdiction where real property is located. In this case, DePriest is the assessing officer for the township where the property is located. (ECF No. 65, PageID.510–511.)

Thus, the very statute that Pung alleges Kopke conspired to violate carves-out no role for a state official like Kopke. It accords no authority to any state official to exercise any discretion or power over a local assessor's initial assessment of real property. Pung does not clearly plead as to Kopke's exact official role, but Kopke is a state employee at the Michigan Tax Tribunal, an administrative tribunal with jurisdiction over appeals of any final decision of an agency relating to tax assessment. See Mich. Comp. Laws § 205.731. There is no basis in any Michigan law whereby a state official, even a state official at the Michigan Tax Tribunal, has authority or discretion over a local tax assessor's initial tax assessment. Rather, that authority is reserved to local officials under Michigan law. So, Kopke was never in a position to violate any of Pung's rights, because Kopke as a state official had no authority over the local tax assessment.

In sum, even if this Court were to consider Pung's allegations as well-pleaded and accept them as true, there is no basis for concluding Kopke could have possibly violated any of Pung's rights because Kopke was never in a position to violate Pung's rights regarding the tax assessment on the property. As a state official, Kopke had no power or authority over the property tax assessment because that assessment fell within the exclusive authority of DePriest as the local assessor.

10

## CONCLUSION AND RELIEF REQUESTED

Pung's second amended complaint is fatally deficient because it offers insufficiently pleaded allegations to support any claims against Kopke. And even accepting these flawed allegations as true, Kopke is entitled to qualified immunity. Thus, Kopke respectfully requests this Court dismiss Pung's claims against Kopke with prejudice.

Respectfully submitted,

Dana Nessel
Attorney General


/s/ William S. Selesky
Assistant Attorney General
Attorneys for Defendant Peter Kopke
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7641
Seleskyw1@michigan.gov
P77750

Dated:  November 1, 2019

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Word Count Limitations

1.  This brief complies with the word count limitation of Local Civil Rule 7.2(b)(ii) because, excluding the part of the document exempted by Federal Rule of Appellate Procedure 32(f), this brief contains 2,721 words.  This word count was generated using Microsoft Word 2013.

/s/ William S. Selesky
Assistant Attorney General
Attorney for Defendant Peter Kopke
Labor Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7641
Seleskyw1@michigan.gov
P77750