# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PUNG, MICHAEL, as personal
representative of the Estate of
TIMOTHY SCOTT PUNG,

        Plaintiffs,

v.

PETER M. KOPKE, in his personal
capacity, PATRICIA DEPRIEST, in her
personal capacity, and STEVEN W.
PICKENS, in his personal capacity, and
COUNTY OF ISABELLA,

        Defendants.

Case No.:  18-cv-1334

HON. ROBERT J. JONKER

---

Philip L. Ellison (P74117)
Outside Legal Counsel PLC
P.O. Box 107
Hemlock, Michigan  48626
(989) 642-0055
Attorney for Plaintiff, Michael Pung,
as Personal Representative of the
Estate of Timothy Scott Pung

William S. Selesky (P77750)
Michigan Department of Attorney General
  Labor Division
P.O. Box 30217
Lansing, Michigan  48909
(517) 335-7641
Attorney for Defendant, Peter M. Kopke

Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
2851 Charlevoix Dr., SE, Suite 327
Grand Rapids, Michigan  49546
(616) 975-7470
Attorneys for Defendant, Steven W.
Pickens

Charles A. Lawler (P65164)
Clark Hill PLC
212 E. Cesar E. Chavez Ave.
Lansing, Michigan  48906
(517) 318-3100
clawler@clarkhill.com
Attorney for Defendant, Patricia
DePriest

---

## DEFENDANT PATRICIA DEPRIEST'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Patricia DePriest, by and through her attorneys, Charles A. Lawler and Clark Hill PLC, and for her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), states:

1.      Plaintiff Estate of Timothy Scott Pung's ("Plaintiff") Second Amended Complaint asserted two (2) claims against Defendant Patricia DePriest ("Depriest"), one for conspiracy to violate due process (42 USC § 1983) and a second for equal protection violation – class of one (42 USC §1983).

2.      Plaintiff's claim arises out of a denial of a Principal Residence Exemption ("PRE") for Plaintiff's property and the subsequent foreclosure on the property, pursuant to MCL 211.78, *et seq,* for failure to pay delinquent real property taxes.

3.      Plaintiff's Second Amended Complaint did not provide sufficient facts to assert a cognizable claim for either of its claims.

4.      Plaintiff's Second Amended Complaint does not plead specific facts to prove that a conspiracy to violate due process existed amongst Defendants DePriest, Pickens and Kopke necessary to survive a motion to dismiss.

5.      Plaintiff's Second Amended Complaint does not plead specific facts to prove that Depriest violated Plaintiff's equal protection right necessary to survive a motion to dismiss.

6.      Plaintiff's violation of due process claim against DePriest is barred by collateral estoppel and the *Rooker-Feldman* Doctrine. In a prior opinion, the Michigan Court of Appeals held that Plaintiff's due process rights were not violated. Plaintiff's past unsuccessful violation of due process claim in state court cannot be litigated again in this Court, requiring that the claim be dismissed.

7.      DePriest is entitled to qualified immunity because she is a state official whose lawful conduct did not violate clearly established rights. DePriest was fully compliant with state

2

law and within her authority when she removed the PRE. Therefore, DePriest's qualified immunity shields her from any liability arising out of Plaintiff's claim and further validates the need for dismissal in this matter.

8.    This Court is precluded by the Tax Injunction Act (28 USC § 1341) and comity from exercising jurisdiction over the claims against Depriest asserted in Plaintiff's Second Amended Complaint.

9.    Depriest further asserts and adopts any relevant arguments provided on behalf of any of the other Defendants in this matter, as if asserted on her own behalf.

WHEREFORE, for the reasons described above and, in the Brief, filed contemporaneously with this Motion, Plaintiff has failed to state a claim upon which relief may be granted for its Count I of its Second Amended Complaint Conspiracy to Violate Due Process claim and Count II Equal Protection Violation – Class of One. Plaintiff's Second Amended Complaint, as it relates to DePriest, is deficient because its allegations against DePriest fail to support any cause of action against her and this Court is precluded from jurisdiction. It has been previously decided that Plaintiff was afforded adequate due process by the Michigan Court of Appeals. Furthermore, Plaintiff's conspiracy claim fails due to collateral estoppel and the *Rooker-Feldman* Doctrine. Accordingly, DePriest respectfully requests that this Honorable Court dismiss this claim against her with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

CLARK HILL PLC

Dated:  November 8, 2019

By:    /s/ Charles A. Lawler
          Charles A. Lawler (P65164)
          CLARK HILL PLC
          212 East Cesar E. Chavez Ave.
          Lansing, Michigan 48906
          (517) 318-3100

3

clawler@clarkhill.com
Attorney for Defendant, Patricia
DePriest

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PUNG, MICHAEL, as personal representative
of the Estate of TIMOTHY SCOTT PUNG,

      Plaintiffs,

v

PETER M. KOPKE, in his personal capacity,
PATRICIA DEPRIEST, in her personal
capacity, and STEVEN W. PICKENS, in his
personal capacity,

      Defendants.

Case No.: 18-cv-1334

HON. ROBERT J. JONKER

/

Philip L. Ellison (P74117)
Outside Legal Counsel PLC
P.O. Box 107
Hemlock, Michigan 48626
(989) 642-0055
Attorney for Plaintiff, Michael Pung,
as Personal Representative of the
Estate of Timothy Scott Pung

William S. Selesky (P77750)
Michigan Department of Attorney General
    Labor Division
P.O. Box 30217
Lansing, Michigan 48909
(517) 335-7641
Attorney for Defendant, Peter M. Kopke

Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
2851 Charlevoix Dr., SE, Suite 327
Grand Rapids, Michigan 49546
(616) 975-7470
Attorneys for Defendant, Steven W. Pickens

Charles A. Lawler (P65164)
Clark Hill PLC
212 East Cesar E. Chavez Ave.
Lansing, Michigan 48906
(517) 318-3100
clawler@clarkhill.com
Attorney for Defendant, Patricia DePriest

/

## BRIEF IN SUPPORT OF DEFENDANT PATRICIA DEPRIEST'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................. iii

QUESTIONS PRESENTED ................................................................................................. v

STATEMENT OF FACTS ................................................................................................ 1

INTRODUCTION ................................................................................................................ 3

STANDARD OF REVIEW ................................................................................................ 4

ARGUMENT ........................................................................................................................ 5

I.    Plaintiff Is Unable To Establish That Defendants Participated In A
      Conspiracy To Violate Due Process. ................................................................... 5

      A.    Plaintiff Has Failed to Plead a Cognizable § 1983 Conspiracy Claim .................. 5

      B.    Even If Plaintiff Can Prove a Conspiracy Existed, Plaintiff Still Received
            Adequate Due Process ............................................................................................ 7

II.   Defendant DePriest Should Be Dismissed Under Fed. R. Civ. P.
      12(b)(1) Because This Court Does Not Have Jurisdiction Pursuant To
      The Tax Injunction Act And The Principle Of Comity. ............................................... 8

III.  DePriest Has Qualified Immunity Against Plaintiff's Conspiracy to
      Violate Due Process Claim. ....................................................................................... 9

      A.    DePriest Has Qualified Immunity Against Plaintiff's Due Process Claim ........... 9

CONCLUSION AND RELIEF REQUESTED ....................................................................... 12

## **INDEX OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 4, 10

*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016) (quoting *Hooks v. Hooks*, 771 F.2d 935, (6th Cir. 1985)) ................................................................................................................... 5

*Brady v. Chase Home Fin., LLC*, No. 1:11–CV–838, 2012 WL 1900606 (W.D. Mich. May 24, 2012 ........................................................................................................................................ 6

*Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812 (6th Cir. 2010) ............................................. 4

*Chippewa Trading Co. v Cox*, 365 F.3d 538 (6th Cir. 2004) ..................................................... 9

*Fair Assessment in Real Estate Ass'n. Inc. v. McNary*, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) ................................................................................................................................. 9

*Fair Assessment*, 454 U.S. at 110, 102 S.Ct. 177) ..................................................................... 9

*Fries v. Helsper*, 146 F.3d 452 (7th Cir. 1998) ........................................................................... 7

*Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987) ..................................................................... 6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ............................................................................... 10

*Hedge v Tennessee*, 215 F. 3d 608 (6th Cir. 2000) ..................................................................... 8

*Henry v. Chesapeake Appalachia, LLC*, 739 F.3d 909 (6th Cir. 2014) ...................................... 5

*Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556 (6th Cir. 2011) ........................................ 6

*Hooks v. Hooks, 771 F.2d 935, (6th Cir. 1985)* ......................................................................... 5

*Humphrey v. Mabry*, 482 F.3d 840 (6th Cir. 2007) ................................................................. 10

*Humphrey*, 482 F.3d at 846 ..................................................................................................... 10

*In Re Gillis*, 836 F.2d 1001 (6th Cir. 1988) ................................................................................ 9

*In re Petition of Isabella Cty. Treasurer v. Estate of Pung*, No. 329858, 2017 WL 1393854 (Mich. Ct. App. Apr. 18, 2017) ........................................................................................... 2, 8

*In re Petition of Isabella Cty. Treasurer v. Estate of Pung*, unpublished opinion of the Michigan Court of Appeals, April 18, 2017 (Docket No. 329858) ........................................................ 8

*McGhan v. Kalkaska Cty. Dep't of Human Servs.*, No. 1:08–CV–1113, 2009 WL 2170151 (W.D. Mich. July 20, 2009) ............................................................................................................... 7

*Nat'l Private Truck Council, Inc. v Okl. Tax Comm'n*, 515 U.S. 582, 115 S. Ct. 2351, 132 L.Ed.2d 509 (1995) ............................................................................................................... 8

*Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505 (6th Cir. 2010) ......................... 4

*Rudd v. City of Norton Shores*, No. 1:18-CV-124, 2018 WL 3751399 (W.D. Mich. Aug. 8, 2018) ........................................................................................................................................ 10

*Silberstein v. City of Dayton*, 440 F.3d 306 (6th Cir. 2006) ...................................................... 10

*Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003) .................................................................. 6

*Wayside Church v Van Buren County*, 847 F.3d 812 (6th Cir 2017) ........................................... 9

**Statutes**

28 U.S.C. 1341 ........................................................................................................................ 8, 9

42 U.S.C. § 1983 ....................................................................................................... v, 5, 6, 9, 11

MCL 211.78 ............................................................................................................................... 7

MCL 211.7cc ...................................................................................................................... 1, 10,11

MCL 211.7cc(1) ....................................................................................................................... 11

MCL 211.7cc(2) ................................................................................................................. 2, 5, 11

MCL 211.7dd ............................................................................................................................. 1

iii

**Other Authorities**

*Rooker-Feldman* Doctrine ...................................................................................... 5, 7, 8

**Rules**

Fed. R. App. P. 32(f) ................................................................................................. 13
Fed. R. Civ. P. 10(c) ............................................................................................... 8, 12
Fed. R. Civ. P. 12(b)(1) ............................................................................................... 8
Fed. R. Civ. P. 12(b)(6) ...................................................................................... 1, 4, 12
L. Civ. R. 7.2(b)(ii) .................................................................................................... 13

ClarkHill\98868\345999\222631636.v5-11/8/19

## QUESTIONS PRESENTED

1. WHETHER PLAINTIFF FAILED TO SUFFICIENTLY PLEAD A 42 U.S.C. § 1983 CONSPIRACY CLAIM AGAINST DEPRIEST UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff Will Answer: NO

Defendant DePriest Answers: YES

2. WHETHER PLAINTIFF FAILED TO SUFFICIENTLY PLEAD A 42 U.S.C. § 1983 DUE PROCESS VIOLATION CLAIM AGAINST DEPRIEST UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff Will Answer: NO

Defendant DePriest Answers: YES

3. WHETHER PLAINTIFF'S 42 U.S.C. § 1983 DUE PROCESS VIOLATION CLAIM IS BARRED BY COLLATERAL ESTOPPEL.

Plaintiff Will Answer: NO

Defendant DePriest Answers: YES

4. WHETHER PLAINTIFF'S 42 U.S.C. § 1983 DUE PROCESS VIOLATION CLAIM IS BARRED BY THE ROOKER-FELDMAN DOCTRINE.

Plaintiff Will Answer: NO

Defendant DePriest Answers: YES

5. WHETHER PLAINTIFF SUFFICIENTLY PLEAD 42 U.S.C. § 1983 EQUAL PROTECTION VIOLATION – CLASS OF ONE CLAIM AGAINST DEPRIEST UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff Will Answer: YES

Defendant DePriest Answers: NO

6. WHETHER DEPRIEST IS ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff Will Answer: NO

Defendant DePriest Answers: YES

ClarkHill\98868\345999\222631636.v5-11/8/19

7. WHETHER COURT IS PRECLUDED FROM JURISDICTION OVER PLAINTIFF'S CLAIMS DUE TO THE TAX INJUNCTION ACT AND/OR COMITY.

Plaintiff Will Answer: NO

Defendant DePriest Answers: YES

ClarkHill\98868\345999\222631636.v5-11/8/19

## STATEMENT OF FACTS

The present [Amended] Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of this [Amended] Motion only, Defendant Patricia DePriest ("DePriest") must assume the facts alleged by Plaintiff Estate of Timothy Scott Pung ("Plaintiff") as true.

Timothy Scott Pung died in 2004 and left behind real property in the Charter Township of Union located in Isabella County. (Second Amended Complaint at 2, *Pung v. Kopke*, No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019), ECF No. 65) DePriest, assessor for Charter Township of Union, denied an application for a Principal Residence Exemption ("PRE") for this property for tax years 2007, 2008, and 2009. (*Id* at 3) Plaintiff appealed this denial to the Michigan Tax Tribunal, which held that the Plaintiff was merely *entitled* to a PRE and "qualified to receive an exemption" pursuant to MCL 211.7cc and 211.7dd. (*Id*) Because this administrative law judge's decision did not explicitly include tax years 2010 and 2011, DePriest did not apply the PRE tax credit for these years. (*Id* at 4)

As a result, the Plaintiff failed to take note of a "small, unpaid amount of property taxes equal to an amount consisting of the PRE credit." (Second Amended Complaint at 4, *Pung v. Kopke* No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019), ECF No. 65) Defendant Steven Pickens ("Defendant Pickens"), county treasurer of Isabella County, then commenced tax foreclosure proceedings in 2013 due to this unpaid amount. (*Id*) Plaintiff challenged these proceedings, and the Isabella Circuit Court found in its favor. (*Id*) Defendant Pickens appealed this decision, which resulted in the Michigan Court of Appeals finding that Plaintiff was "*entitled to the* [PRE]" for tax years 2010 and 2011. (*Id* at 4)

DePriest then first applied the PRE for the 2012 tax year.  (*Id.* at 4)  DePriest, after applying the PRE in 2012, then removed the tax credit after Defendant Kopke notified her that the Plaintiff did not file the requisite documentation. (*Id*; *see also id* at Ex. A, at 48-49) Plaintiff

1

again failed to act on the "small remaining unpaid tax balance," causing Defendant Pickens to commence tax foreclosure proceedings once more in 2015. (*Id* at 5) Plaintiff alleges that DePriest removed the PRE credit "by an agreement and/or arrangement" with Defendant Peter M. Kopke ("Defendant Kopke") and "together with and for the political benefit of" Defendant Pickens. (*Id*) Plaintiff further alleges that all Defendants acted "in joint conspiracy . . . to ultimately deprive Plaintiff . . . [of] due process of law." (*Id* at 9) The Property was foreclosed during with Judgment of Foreclosure in 2015. (*Id* at 5) Pung appealed this judgment to the Michigan Court of Appeals. However, the Michigan Court of Appeals ruled against Plaintiff's due process claim related to the 2015 tax foreclosure proceedings, noting Plaintiff "was not deprived of its constitutional right to due process." (See *In re Petition of Isabella Cty. Treasurer v. Estate of Pung*, No. 329858, 2017 WL 1393854, at *4 (Mich. Ct. App. Apr. 18, 2017), attached as Exhibit A) It is important to note that the foreclosure at issue here is the 2015 Judgment and none of the prior years that make up the lion's share of Plaintiff's allegations. Additionally, Plaintiff makes no allegations that he has complied with MCL 211.7cc(2) which requires an affidavit from the property owner verifying that the residence requesting a Personal Residence Exemption is occupied by the property owner. MCL 211.7cc(2) in its relevant portion states as follows:

> MCL 211.7cc(2) provides):   Except as otherwise provided in subsection (5), an owner of property may claim 1 exemption under this section by filing an affidavit on or before May 1 for taxes levied before January 1, 2012 or, for taxes levied after December 31, 2011, on or before June 1 for the immediately succeeding summer tax levy and all subsequent tax levies or on or before November 1 for the immediately succeeding winter tax levy and all subsequent tax levies with the local tax collecting unit in which the property is located. The affidavit shall state that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed and shall state that the owner has not claimed a substantially similar

exemption, deduction, or credit on property in another state. The affidavit shall be on a form prescribed by the department of treasury. One copy of the affidavit shall be retained by the owner and 1 copy shall be retained by the local tax collecting unit, together with all information submitted under subsection (28) for a cooperative housing corporation. The local tax collecting unit shall forward to the department of treasury a copy of the affidavit and any information submitted under subsection (28) upon a request from the department of treasury. The affidavit shall require the owner claiming the exemption to indicate if that owner or that owner's spouse has claimed another exemption on property in this state that is not rescinded or a substantially similar exemption, deduction, or credit on property in another state that is not rescinded. If the affidavit requires an owner to include a social security number, that owner's number is subject to the disclosure restrictions in 1941 PA 122, MCL 205.1 to 205.31. If an owner of property filed an affidavit for an exemption under this section before January 1, 2004, that affidavit shall be considered the affidavit required under this subsection for a principal residence exemption and that exemption shall remain in effect until rescinded as provided in this section.

It is clear and undisputable that Plaintiff never filed the required affidavit.

## **INTRODUCTION**

This case arises out of the denial of a PRE and the resulting foreclosure of Plaintiff's property. Plaintiff alleges that DePriest denied Plaintiff's PRE as a result of a conspiracy with Defendants Kopke and Pickens, creating an unpaid tax balance. Plaintiff further alleges to have never received notice of this balance, which ultimately resulted in tax foreclosure proceedings.

The Second Amended Complaint asserts numerous causes of action, with the first two counts being against DePriest: conspiracy to violate due process and violation of equal protection – class of one. (Second Amended Complaint at 6-10, *Pung v. Kopke* No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019), ECF No. 65) As shown in this motion, Plaintiff's claims against DePriest should be dismissed. Plaintiff has failed to state a claim for relief in connection with its conspiracy to violate due process claim or his violation of due process – class of one. Plaintiff's

3

Second Amended Complaint does not allege sufficient facts against DePriest and the other Defendants which, if true, would establish that Defendants effectuated a conspiracy. To the contrary, all facts are conclusory and lack the specificity required by law. Furthermore, Plaintiff has failed to plead that he was in accordance with the requirement of Michigan law to have an affidavit verifying occupancy to qualify for Personal Resident Exemption ("PRE"). Accordingly, Plaintiff's claims against DePriest should be dismissed with prejudice. Notably, this Court of limited jurisdiction lacks same due to the Tax Injunction Act and comity. Finally, DePriest is entitled to qualified immunity because she reasonably acted in accordance with a state statute. Based on this affirmative defense, this Court should find in favor of DePriest and should dismiss Plaintiff's claims against her as it has previously done.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of a claim is appropriate where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is warranted where the plaintiff alleges insufficient facts "to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." (*Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505 (6th Cir. 2010)) A plaintiff's well-pleaded factual allegations should be distinguished from conclusory allegations and must infer more than "the mere possibility" of a cognizable claim. (*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) Therefore, a complaint that lacks the sufficient facts to "plausibly give rise to an entitlement of relief" will not survive a motion to dismiss. (*Id*)

When deciding on a motion to dismiss, courts are permitted to "take judicial notice of other court proceedings." (*Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010)) Additionally, courts may consider "matters of public record, orders, items appearing in

4

the record of the case[,] and exhibits attached to the complaint." (*Henry v. Chesapeake Appalachia, LLC*, 739 F.3d 909, 912 (6th Cir. 2014))

## ARGUMENT

**I.    Plaintiff Is Unable To Establish That Defendants Participated In A Conspiracy To Violate Due Process.**

The Plaintiff alleges the Constitutional deprivation his due process rights through the alleged conspiracy to violate due process against Defendants Kopke, Pickens, and DePriest. The factual allegations in the Second Amended Complaint are not sufficient to show that Depriest conspired to deprive Plaintiff of this Constitutional right. To the contrary, the Second Amended Complaint supports the conclusion that DePriest denied the PRE exemption in compliance with the state statute that governs PRE exemptions and in accordance with her duties as Assessor of the Charter Township of Union. Plaintiff has failed to allege that he filed the affidavit required by MCL 211.7cc(2) to obtain a PRE for the Property.  Plaintiff's conspiracy claim is also barred by collateral estoppel and the *Rooker-Feldman* Doctrine.

### A.    *Plaintiff Has Failed to Plead a Cognizable § 1983 Conspiracy Claim*

Plaintiff attempts to allege that there was a conspiracy between Defendants Kopke, Pickens, and DePriest to deprive Plaintiff of due process. However, Plaintiff has provided no facts to support a conspiracy claim against Defendants under 42 U.S.C. § 1983 because his allegations neither prove the elements of the allegation nor show DePriest's knowledge or intent to deprive the Plaintiff of this Constitutional right.

In order to state a claim for a § 1983 civil conspiracy claim, Plaintiff must show there was "an agreement between two or more persons to injure another by unlawful action." (*Bickerstaff v. Lucarelli*, 830 F.3d 388, 400 (6th Cir. 2016) (quoting *Hooks v. Hooks*, 771 F.2d 935, (6th Cir. 1985))) In particular, Plaintiff needs to show "[1] that there was a single plan, [2]

that the alleged coconspirator shared in the general conspiratorial objective, and [3] that an overt act was committed in furtherance of the conspiracy." (*Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556 (6th Cir. 2011)) Given that "[i]t is well settled that conspiracy claims must be pled with some degree of specificity[,] . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." (*Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987))

Plaintiff fails to plead facts that rise to a cognizable conspiracy claim, leaving only conclusory allegations that DePriest and the other Defendants conspired to violate Plaintiff's due process rights. Plaintiff fails to provide facts to support that a single plan between Defendants existed, much less that DePriest and the other Defendants shared a general conspiratorial objective. Apart from the allegation that DePriest removed the PRE at Defendant Kopke's request, Plaintiff provides no facts to show that DePriest performed this action while knowing of any conspiratorial objective to violate Plaintiff's Constitutional rights. (Second Amended Complaint at 5, *Pung v. Kopke* No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019), ECF No. 65) As such, Plaintiff advances unsupported legal conclusions as factual allegations, which are insufficient to state a § 1983 claim. In addition, the mere allegation that Defendants agreed to remove the PRE credit for the political benefit of Defendant Pickens is not specific enough to show any plan to violate Plaintiff's due process rights. Accordingly, Plaintiff's "failure to plead a plan or agreement to violate [its] constitutional rights is fatal to [its] conspiracy claim." (*Heyne*, 655 F.3d at 564)

Where the plaintiff does not allege any supporting facts, courts "need not accept . . . legal conclusions as true" when ruling on a motion to dismiss. (*Brady v. Chase Home Fin., LLC*, No. 1:11–CV–838, 2012 WL 1900606, at *10 (W.D. Mich. May 24, 2012) (quoting *Heyne*, 655 F.3d

6

at 564)) Because the Plaintiff did not plead facts to show that Defendants engaged in a conspiracy to deprive Plaintiff of his Constitutional rights, Plaintiff's conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss. (*McGhan v. Kalkaska Cty. Dep't of Human Servs.*, No. 1:08–CV–1113, 2009 WL 2170151, at \*13 (W.D. Mich. July 20, 2009) (citing *Fries v. Helsper*, 146 F.3d 452 (7th Cir. 1998) ("At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law, and mere conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss.")) Thus, Plaintiff is not entitled to relief and its claim should be dismissed with prejudice.

### B.    *Even If Plaintiff Can Prove a Conspiracy Existed, Plaintiff Still Received Adequate Due Process*

Plaintiff has pled a conspiracy on the part of Defendant Pickens, Defendant Kopke, and DePriest to deprive Plaintiff of due process in Count I of its Second Amended Complaint. Second Amended Complaint at 6-9, *Pung v. Kopke*, No. 18-cv-1334 (W.D. Mich. Sept. 20, 2019), ECF No. 65) Count I is vague and not specific with regard to any allegations directly against DePriest or any of the other Defendants. Plaintiff simply states that the Defendants conspired to initiate and effectuate a process that resulted in Plaintiff being deprived of its property without due process. (*Id*)

DePriest concurs with Defendants Pickens and Kopke's arguments that Plaintiff's claim that it was denied due process prior to foreclosure of its property, pursuant to MCL 211.78, *et seq*, should be dismissed because it is controlled by the doctrine of collateral estoppel and the *Rooker-Feldman* Doctrine. (Brief in Support of Pre-Answer Motion by Defendant Pickens at 5-7, *Pung v. Kopke*, No. 18-cv-1334 (W.D. Mich. Mar. 5, 2019), ECF No. 22-1, Page ID. 190-92; Brief in Support of Defendant Peter Kopke's Motion to Dismiss at 9-10, *Pung v. Kopke*, No. 18-cv-1334 (W.D. Mich. Apr. 11, 2019), ECF No. 35, Page ID. 249-50)

Michigan's Court of Appeals has already ruled that there was no due process violation against Plaintiff throughout the process of Isabella County Treasurer foreclosing on the property at issue for delinquent real property taxes. (*In re Petition of Isabella Cty. Treasurer v. Estate of Pung*, unpublished opinion of the Michigan Court of Appeals, April 18, 2017 (Docket No. 329858), attached as Exhibit A) That opinion is the last in a series of actions undertaken by Plaintiff prior to the filing of the case at bar. The current action by Plaintiff to again litigate the alleged due process issue should be barred by collateral estoppel and the *Rooker-Feldman* Doctrine. Defendants Pickens and Kopke have clearly articulated the law regarding this in their prior motions to dismiss.

Pursuant to Fed R. Civ. P. 10(c), DePriest joins and adopts the arguments advanced by Defendants Pickens, Isabella County, and Kopke that Plaintiff's conspiracy claim is collaterally estopped and barred by the *Rooker-Feldman* Doctrine. (ECF No. 22-1, Page ID. 190-92; ECF No. 35, Page ID. 249-50)

## II.    Defendant DePriest Should Be Dismissed Under Fed. R. Civ. P. 12(b)(1) Because This Court Does Not Have Jurisdiction Pursuant To The Tax Injunction Act And The Principle Of Comity.

The Tax Injunction Act declares that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. 1341. This status is jurisdictional. *Hedge v Tennessee,* 215 F. 3d 608, 611.12 & n. 4 (6th Cir. 2000), and prevents federal courts from awarding declaratory or injunctive relief to plaintiffs who challenge state tax laws. *Nat'l Private Truck Council, Inc. v Okl. Tax Comm'n,* 515 U.S. 582, 586-7, 115 S. Ct. 2351, 132 L.Ed.2d 509 (1995).

Another similar but distinct limitation on federal court jurisdiction over challenges to state tax laws is the principle of comity. *Wayside Church v Van Buren County,* 847 F.3d

8

812,822 (6ᵗʰ Cir 2017) This principle "prohibits 'taxpayers . . . from asserting § 1983 actions against the validity of state tax systems in [the lower] federal courts.'" *Chippewa Trading Co. v Cox,* 365 F.3d 538 (6ᵗʰ Cir. 2004) (alterations in original) (quoting *Fair Assessment in Real Estate Ass'n. Inc. v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981)).  "While this comity principle reflects some of the same concerns that led Congress to enact the Tax Injunction Act, 28 U.S.C. 1341, it stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief." *Id.*  (footnote omitted)  (citing *Fair Assessment,* 454 U.S. at 110, 102 S.Ct. 177).  Only when states do not provide a "plain, adequate, and complete" remedy in their courts should the federal courts be able to exercise jurisdiction despite the principle of comity.  *Id.*  (quoting *Fair Assessment,* 454 U.S. at 116, 102 S.Ct. 177).

Plaintiff's actions against Depriest can clearly be determined in Michigan's state courts. "[S]tate remedies are plain, adequate, and complete if the taxpayer plain, adequate and complete if they provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise federal constitution objections."  *In Re Gillis,* 836 F.2d 1001, 1010 (6ᵗʰ Cir. 1988) (footnote omitted).  Plaintiff clearly has done this in this action.  He has been to numerous Michigan courts and had the opportunity to raise his claims against Depriest.

## III.    DePriest Has Qualified Immunity Against Plaintiff's Conspiracy to Violate Due Process Claim.

### A.    *DePriest Has Qualified Immunity Against Plaintiff's Due Process Claim*

Plaintiff's 42 U.S.C. § 1983 conspiracy claim against DePriest fails as a matter of law, as DePriest holds qualified immunity that shields her from liability. Qualified immunity is an affirmative defense that protects government officials and employees from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

9

reasonable person would have known." (*Humphrey v. Mabry*, 482 F.3d 840, 846 (6th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) Qualified immunity encompasses those discretionary functions performed by a government official or employee. (*Harlow*, 457 U.S. at 818) When defendants have demonstrated "they were acting within the scope of their authority," the burden then shifts to the plaintiff to negate that the defendant is entitled to qualified immunity. (*Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006))

To determine whether a government official or employee is entitled to qualified immunity, the analysis involves two questions: (1) whether the alleged facts show that an individual, acting under color of state law, violated a Constitutional right, and (2) whether the right was clearly established. (*Humphrey*, 482 F.3d at 846) The standard for applying qualified immunity is objective, as the Supreme Court has noted the inquiry should focus on the "objective reasonableness of an official's conduct, *as measured by reference to clearly established law*." (*Harlow*, 457 U.S. at 818 (emphasis added))

Plaintiff alleges that DePriest conspired with the other Defendants to violate its Constitutional right of due process by denying the application of the PRE tax credit. Rather than asserting supported legal conclusions, Plaintiff merely alleges "parallel conduct that *could* be consistent with an agreement but is insufficient to state a claim because it 'was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior.'" (*Rudd v. City of Norton Shores*, No. 1:18-CV-124, 2018 WL 3751399, at *5 (W.D. Mich. Aug. 8, 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009))) Pursuant to state statute, Plaintiff needed to file an affidavit to receive this PRE credit. Section 211.7cc of Michigan's General Property Tax Act states that a property may be exempt through the PRE tax credit "if an owner of that principal residence *claims* an exemption as

10

provided in this section." (MCL 211.7cc(1)). This section further details that an owner must file "an affidavit on or before May 1 with the local tax collecting unit in which the property is located[,]" stating that "the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed." (MCL 211.7cc(2)). Accordingly, this statute focuses on whether owners claim their property as exempt by way of filing an affidavit requesting such exemption.

The record reveals that DePriest removed the PRE credit from the property pursuant to the clearly established law housed in MCL 211.7cc. Only after Defendant Kopke advised DePriest that the property was not entitled to the PRE credit due to a lack of required documentation (i.e., an affidavit requesting exemption) did she remove the credit. (First Amended Complaint at Ex. A, at 48-49, *Pung v. Kopke* No. 18-cv-1334 (W.D. Mich. Feb. 23, 2019), ECF No. 19) Therefore, DePriest did not deprive the Plaintiff of its Constitutional right because her decision to remove the PRE tax credit was based upon notice that the owners did not file the required affidavit. Not only was this action reasonable, but it was also in accordance with the well-established law granting DePriest the authority to do so. As such, DePriest is entitled to immunity from suit through the doctrine of qualified immunity for her actions performed within the scope of her role as a government employee. Moreover, Plaintiff has failed to overcome DePriest's entitlement to qualified immunity because it did not set forth the facts needed to establish the essential elements of a conspiracy. Plaintiff merely alleged factual allegations that Defendants' lawful actions amounted to a conspiracy to violate due process. Thus, Plaintiff's § 1983 claim fails as a matter of law, and the First Amended Complaint should be dismissed.

Even if this Court were to decide that Plaintiff's allegations were both true and well pled, there is no basis to conclude that DePriest is not entitled to qualified immunity. DePriest, in her

11

role as township assessor, was simply following the law when she was notified that Plaintiff had not filed the required documentation to be granted a PRE on the property. Finally, pursuant to Fed R. Civ. P. 10(c), DePriest joins and adopts the arguments advanced by Defendants Pickens, Isabella County, and Kopke about qualified immunity. (ECF No. 22-1, Page ID. 200-02 and ECF No. 35, Page ID. 247-49)

### CONCLUSION AND RELIEF REQUESTED

WHEREFORE, for the reasons described above and, in the Brief, filed contemporaneously with this Motion, Plaintiff has failed to state a claim upon which relief may be granted for its Count I of its Second Amended Complaint Conspiracy to Violate Due Process claim and Count II Equal Protection Violation – Class of One. Plaintiff's Second Amended Complaint, as it relates to DePriest, is deficient because its allegations against DePriest fail to support any cause of action against her and this Court is precluded from jurisdiction. It has been previously decided that Plaintiff was afforded adequate due process by the Michigan Court of Appeals. Furthermore, Plaintiff's claims fail due to collateral estoppel and the *Rooker-Feldman* Doctrine. Accordingly, DePriest respectfully requests that this Honorable Court dismiss this claim against her with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

CLARK HILL PLC

Dated: November 8, 2019

By:  /s/ Charles A. Lawler
      Charles A. Lawler (P65164)
      212 East Cesar E. Chavez Ave.
      Lansing, Michigan 48906
      (517) 318-3100
      clawler@clarkhill.com
      Attorney for Defendant, Patricia
      DePriest

12

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Word Count Limitations

Pursuant to L. Civ. R. 7.2(b)(ii), I hereby certify this brief complies with the word count limitation. Excluding the part of the document exempted by Fed. R. App. P. 32(f), this brief contains 3,015 words. This word count was generated using Microsoft Word 2010.

Respectfully submitted,

CLARK HILL PLC

Dated: November 8, 2019

By:    /s/ Charles A. Lawler
Charles A. Lawler (P65164)
212 East Cesar E. Chavez Ave.
Lansing, Michigan 48906
(517) 318-3100
clawler@clarkhill.com
Attorney for Defendant, Patricia
DePriest

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, **Defendant Patricia DePriest's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6),  Brief in Support of Defendant DePriest's Motion to Dismiss Plaintiff's Second Amended Complaint** were filed with the Court via the ECF system, which will send notification to all attorneys of record.

Date: November 8, 2019

By:    /s/ Charles A. Lawler
Charles A. Lawler (P65164)
CLARK HILL PLC
212 E. Cesar E. Chavez Ave.
Lansing, Michigan  48906
(517) 318-3100
clawler@clarkhill.com
Attorney for Defendant, Patricia DePriest

13