## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

PUNG, MICHAEL, as personal
representative of the Estate of
TIMOTHY SCOTT PUNG,

      Plaintiff,

v.

PETER M. KOPKE, in his personal
capacity, PATRICIA DEPRIEST,
in her personal capacity; and
STEVEN W. PICKENS, in his
personal capacity, and COUNTY OF
ISABELLA COUNTY,

      Defendants.

Case No. 18-cv-1334

HON. ROBERT J. JONKER

**RESPONSE OF DEFENDANTS
PICKENS AND COUNTY OF ISABELLA
TO PLAINTIFF'S "SUPPLEMENTAL
AUTHORITY" (ECF NO. 88), AS
PERMITTED BY ORDER (ECF NO. 91)**

_____

Philip L. Ellison (P74117)
Outside Legal Counsel PLC
Attorney for Plaintiff
P.O. Box 107
Hemlock MI  48626
989-642-0055
888-398-7003 fax
pellison@olcplc.com

William Selesky (P77750)
Department of Attorney General
Assistant Attorney General - Labor
Division
Attorneys for Peter Kopke
P.O. Box 30217
Lansing, MI 48909
517-373-2560
SeleskyW1@michigan.gov

Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Cummings, McClorey, Davis & Acho
Attorneys for Defendant Steven Pickens
and Isabella County
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI  49546
616-975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

Charles A. Lawler (P65164)
Clark Hill PLC
Attorney for Patricia DePriest
212 E Cesar E. Chavez Ave
Lansing, MI 48906-4328
517-318-3016
clawler@clarkhill.com

_____

**RESPONSE OF DEFENDANTS PICKENS AND
COUNTY OF ISABELLA TO PLAINTIFF'S "SUPPLEMENTAL AUTHORITY"
(ECF NO. 88), AS PERMITTED BY ORDER (ECF NO. 91)**

01051012-1

2

## <u>INDEX OF AUTHORITIES</u>

**<u>Cases</u>**

***Ashcroft v. Iqbal***, 556 U.S. 622 (2009) ......................................................................... 3

***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007) ................................................... 3

***Darrah v. City of Oak Park***, 255 F.3d 301 (6th Cir. 2001) ........................................... 1

***Gavitt v. Born***, 835 F.3d 623 (6th Cir. 2016) ............................................................ 2, 3

***Hensley v. Gassman***, 693 F.3d 681 (6th Cir. 2012) ................................................. 1, 3

***Heyne v. Metropolitan Nashville Public Schools***, 655 F.3d 556 (6th Cir. 2011) ........ 1

***Novak v. City of Parma***, 932 F.3d 421 (6th Cir. 2019) ............................................. 1, 2

**<u>Statutes</u>**

M.C.L. 211.24 ...................................................................................................................... 2

M.C.L. 211.55 ...................................................................................................................... 2

M.C.L. 211.57 ...................................................................................................................... 2

M.C.L. 211.78 ...................................................................................................................... 2

M.C.L. 211.119 .................................................................................................................... 2

i

## ARGUMENT IN RESPONSE TO
## "SUPPLEMENTAL AUTHORITY"

By permission of this Court **(ECF No. 91, PageID.914)** Plaintiff Pung has presented supposed "authority" in the form of **Novak v. City of Parma**, 932 F.3d 421 (6th Cir. 2019).  By this submission **(ECF No. 88, PageID.899-901)**, the Plaintiff claims to defeat that particular portion of the Isabella County Defendants' pending Rule 12 motion **(ECF Nos. 72, 72-1)** that seeks dismissal of the Plaintiff's "conspiracy" claim against Defendant Pickens.  **(ECF No. 71-2, PageID.601-603)**.  But Plaintiff Pung misinterprets and misapplies the **Novak** case.

Although **Novak** describes the pleading standard for conspiracy as "simple," this does not contradict the well-established principles for pleading a "conspiracy" claim.  Although the requirements may be "simple, the pleading standard remains "relatively strict" and alleged conduct that is "just as consistent with independent conduct" as it is with 'conspiracy'" does not state a conspiracy claim.  **Heyne v. Metropolitan Nashville Public Schools**, 655 F.3d 556, 563 (6th Cir. 2011), **Hensley v. Gassman**, 693 F.3d 681, 695 (6th Cir. 2012).  This established "conspiracy" jurisprudence of the Sixth Circuit could not be undone by **Novak**.  A panel of the Sixth Circuit cannot overrule the decision of a prior panel. **Darrah v. City of Oak Park**, 255 F.3d 301, 309 (6th Cir. 2001).  "[W]hen a later decision . . . conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case."  **Id**, at 310.

Plaintiff Pung claims that the individual Defendants conspired to deny the Pung Estate "due process."  He alleges that Pickens "knew or should have known" that assessor DePriest could not deny Michigan's "PRE" property tax credit to the Pung Estate, but that Pickens nevertheless agreed with Defendants DePriest and Kopke to

1

foreclose the Estate's property for the tax delinquency that resulted from the denial of the credit.  **(ECF No. 65, PageID.514-517, Second Amended Complaint, ¶¶ 50, 53, 62-63)**. Those allegations are not adequate to state a " conspiracy" claim.

In ***Gavitt v. Born***, 835 F.3d 623 (6th Cir. 2016), the plaintiff also alleged conspiracy to deny "due process."  He did so by alleging that prosecutors and police officials knew arson evidence against the plaintiff to be false but "mutually agreed" at a "skull session" to prosecute the plaintiff for the criminal offense anyway.  ***Gavitt***, 835 F.3d at 645.  The Sixth Circuit held that such allegations failed to satisfy the standard for pleading a "conspiracy" claim.  ***Gavitt***, 835 F.3d at 647.

Plaintiff Pung pleads no more against Defendant Pickens here than was pleaded against the defendants in ***Gavitt***.  Therefore, Pung has failed to plead adequate basis for his conspiracy claim against Pickens.

Significantly, the ***Novak*** case addressed a First Amendment "retaliation" claim, where the alleged retaliatory motive of police actors could state that plausible claim. The potential for discovery to develop such evidence arguably justified continued proceedings.

But such is not the case here, where Defendant Pickens was obligated under M.C.L. 211.78 et seq. to proceed with foreclosure after Defendant DePriest, as assessor, exercised her legal authority to declare a tax delinquency.  M.C.L. 211.119, M.C.L. 211.24, M.C.L. 211.55, M.C.L. 211.57.  Alleged anger by Pickens toward Pung or the Estate **(ECF No. 65, PageID.515, Second Amended Complaint, ¶ 51)** is irrelevant.  In light of DePriest's assessment, foreclosure of the Pung Estate property was the independent statutory obligation of Pickens (and Isabella County), wholly apart from any alleged "conspiracy."  Because the actions of Pickens were "just as consistent with

independent conduct" (i.e., compliance with State statutes) as with the alleged "conspiracy," Pung's allegations are not enough to state a plausible conspiracy claim. *Hensley*, 693 F.3d at 695.

Notably, the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) admonished that allegations of conspiracy must be something more than merely "consistent with" the existence of a conspiratorial agreement.  *Id.*, at 557.  Likewise in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Court declared that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability," the complaint "stops short" of pleading a plausible claim adequate to avoid dismissal.  *Id.*, at 678.  The rule of *Hensley* accords with these Supreme Court precedents.

In the context of the First Amendment claim before it, the panel in *Novak* could find that the plaintiff there had adequately pleaded a conspiracy claim.  But *Novak* does not (and cannot) reduce the pleading standard established by the Supreme Court and Sixth Circuit.  As demonstrated by the earlier *Gavitt* case, Plaintiff Pung has failed to state a conspiracy claim against Defendant Pickens.

Moreover, even assuming Plaintiff Pung's pleading of "conspiracy" is deemed adequate, this does nothing to avoid dismissal of the conspiracy claim on the other grounds presented in the Isabella County Defendants' pending Rule 12 motion.  Even assuming this Court deems itself to have jurisdiction over this case, collateral estoppel and qualified immunity defeat the conspiracy claim against Defendant Pickens.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)

Bradley C. Yanalunas (P80528)
Attorneys for Defendants Steven Pickens and Isabella
County
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

Dated: January 8, 2020