UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL PUNG, as personal
representative of the Estate of
TIMOTHY SCOTT PUNG,

     Plaintiff,

v.

PETER M. KOPKE, in his personal
capacity, PATRICIA DEPRIEST, in her
personal capacity; and STEVEN W.
PICKENS, in his personal capacity,
And COUNTY OF ISABELLA COUNTY,

     Defendants.

Case No. 18-cv-1334

HON. ROBERT J. JONKER

_____

Philip L. Ellison (P74117)
Outside Legal Counsel PLC
Attorney for Plaintiff
P.O. Box 107
Hemlock MI  48626
989-642-0055
888-398-7003 fax
pellison@olcplc.com

William Selesky (P77750)
Department of Attorney General
Assistant Attorney General- Labor Division
Attorneys for Peter Kopke
P.O. Box 30217
Lansing, MI 48909
517-373-2560
SeleskyW1@michigan.gov

Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Cummings, McClorey, Davis & Acho
Attorneys for Defendant Steven Pickens
2851 Charlevoix Dr., S.E. - Suite 327
Grand Rapids MI  49546
616-975-7470
avanderlaan@cmda-law.com
byanalunas@cmda-law.com

Charles A. Lawler (P65164)
Clark Hill PLC
Attorney for Patricia DePriest
212 E Cesar E. Chavez Ave
Lansing, MI 48906-4328
517-318-3016
clawler@clarkhill.com

_____

## RESPONSE BY DEFENDANTS PICKENS AND COUNTY OF ISABELLA OPPOSING PLAINTIFF'S MOTION TO CITE INAPPOSITE "SUPPLEMENTAL AUTHORITY" (ECF NO. 96)

**STATEMENT OF FACTS**

For the second time **(compare ECF No. 88)**, Plaintiff Pung seeks leave to file what he calls "supplemental authority." **(ECF No. 96)**. But a newly issued opinion is only "authority" if it discusses a relevant legal principle in a factual context akin to that of the case at hand. The case offered by Plaintiff Pung, ***VanderKodde v. Marry Jane Elliott, P.C.***, Nos. 19-1091/11/27/1128, ___ F.3d ___ (6th Cir. 2020), is not relevant at all. Plaintiff Pung merely seeks an excuse to exceed (more than he already has) the page limits on briefs in motion practice before this Court.

**ARGUMENT**

Plaintiff Pung proposes the ***VanderKodde*** case as "authority" to attack the Isabella County Defendants' assertion of the Rooker-Feldman doctrine defense by reference to ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.***, 544 U.S. 280, 284 (2005). **(ECF No. 86, PageID.883, Isabella Defendants' Motion, p. 10)**. It is axiomatic that ***VanderKodde*** cannot overrule Supreme Court precedent. It is also well established that an opinion by a regular three-judge panel of the Sixth Circuit cannot overrule prior Sixth Circuit decisions. ***Darrah v. City of Oak Park***, 255 F.3d 301, 309-10 (6th Cir. 2001), ***Kerman v. C.I.R.***, 713 F.3d 849, 866 (6th Cir. 2013). The ***VanderKodde*** opinion simply reiterates what was made clear by the ***Exxon Mobil Corp.*** opinion itself, i.e., that the Rooker-Feldman doctrine applies only to a very specific category of cases. ***Exxon Mobil Corp.***, 544 U.S. at 284, ***VanderKodde*** at *pp. 1, 6.

Specifically, the Rooker-Feldman doctrine prevents the district courts from exercising jurisdiction over cases that are *de facto* appeals of state court judgments. Such appellate review is the exclusive province of the Supreme Court. ***Lawrence v. Welch***,

531 F.3d 364, 368 (6th Cir. 2008).  To countenance a contrary rule would posture the federal district courts as the appellate venue for every litigant disappointed with a state court judgment on a question of federal law.

The Isabella County Defendants have asserted the Rooker-Feldman doctrine specifically against the Plaintiff's attempt to re-litigate the "due process" issue in this court. **(ECF No. 86, PageId.853, Isabella Defendants' Motion, p. 10)**. As described in the Isabella County Defendants' motion, the Michigan Court of Appeals issued an express ruling that the Plaintiff "*was not deprived of its constitutional right to due process*." **(ECF No. 15-2, PageId.88-91,** *Isabella County Treasurer v. Estate of Timothy Scott Pung***, MCOA No. 329858, particularly at p. 4)**.  This is precisely the situation in which *Exxon Mobil Corp.* prohibits re-litigation in the federal district courts.   The *VanderKodde* case cannot be "authority" to the contrary.

What Plaintiff Pung seeks is an excuse to continue to file briefs evading the page-limit rules of this Court motion practice - - which he has already surpassed.  His bogus plea of supplemental "authority" in furtherance of this effort should be denied.

    Respectfully submitted,

    CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

    <u>/s/ Allan C. Vander Laan</u>
    Allan C. Vander Laan (P33893)
    Bradley C. Yanalunas (P80528)
    Attorneys for Defendant Pickens
    Cummings, McClorey, Davis & Acho. P.L.C.
    2851 Charlevoix Drive, SE, Ste. 327
    Grand Rapids, MI 49546
    616/975-7470

Dated: February 27, 2020