UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PUNG, personal representative
of the Estate of Timothy Scott Pung,

      Plaintiff,

CASE NO. 1:18-CV-1334

v.

HON. ROBERT J. JONKER

PATRICIA DEPRIEST, *et al.*,

      Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant Pickens's Motion for Reconsideration (ECF No. 121). Defendant invokes both LCivR 7.4(a) and FED. R. CIV. P. 60(b)(1) and (6) as the basis for his motion. Defendant contends that the Court's recent Opinion and Order denying his motion to dismiss procedural due process and equal protection claims did not adequately address his qualified immunity defense.

FED. R. CIV. P. 60(b)(1) and (6) permit a court to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Rule 7.4 (a) of the Western District of Michigan's Local Rules of Civil Procedure provides: "Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court should not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof."

Defendant Pickens has not satisfied this burden, and there is no basis for relief under Rule 60(b). To the extent Defendant Pickens claims that he is entitled to qualified immunity on Plaintiff's just compensation claim, he is mistaken. Qualified immunity does not apply, because Plaintiff names Defendant in his official capacity only, which is the same as naming the County itself. To the extent Defendant Pickens argues that he is entitled to qualified immunity on Plaintiff's claims of violations of the rights to procedural due process and equal protection, his argument is simply premature. Accepting Plaintiff's allegations as true, Plaintiff stated *Twombly*-plausible claims of violations of clearly established law, for the reasons the Court detailed its Opinion and Order (ECF No. 119, PageID.1355-56.) Plenary discovery is necessary to establish the factual background on which Plaintiff premises the claims. Nothing about the Court's decision precludes Defendant Pickens from seeking summary judgment based on qualified immunity on a more developed record.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendant Pickens's Motion for Reconsideration (ECF No. 121) is **DENIED**.

2. Plaintiff's Motion for Order to Provide Guidance (ECF No. 124) is **DISMISSED AS MOOT**.

Dated:   October 9, 2020            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE